**UNITED STATES of America,**

v.

**Aaron BOYCE, Appellant.**

No. 87–5726.

United States Court of Appeals,
Third Circuit.

Argued May 5, 1988.

Decided June 21, 1988.

---

Joseph A. O'Brien (argued), Oliver, Price & Rhodes, Scranton, Pa., for appellant.

James J. West, U.S. Atty., James W. Walker (argued), Asst. U.S. Atty., Scranton, Pa., for appellee.

Before GIBBONS, Chief Judge, MANSMANN and COWEN, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal arises from an order of the district court denying appellant Aaron Boyce's motions for a new trial and judgment of acquittal. Boyce was convicted by a jury of conspiracy and interstate transportation of stolen property. Upon review, we conclude that the district court committed prejudicial error by admitting a statement made by codefendant John McMahon into evidence against Boyce under the declarations against interest exception to the hearsay rule embodied in Rule 804(b)(3) of the Federal Rules of Evidence. Therefore, we will reverse Boyce's convictions, grant his motion for a new trial, and remand for proceedings consistent with this opinion.

### I.

During the evening of October 3 and the early morning hours of October 4, 1983, a successful burglary occurred at Bartikowsky's Jewelers in Wilkes–Barre, Pennsylvania. The burglars circumvented the store's alarm system, entered its vault through a vent in the roof, and stole more than one million dollars worth of rings, watches, bracelets and other jewelry. Following an investigation into the burglary, the appellant, Aaron Boyce, was indicted on July 12, 1984 along with another defendant, John McMahon, and charged with interstate transportation of stolen property in violation of 18 U.S.C. § 2314, and conspiracy to transport stolen property in violation of 18 U.S.C. § 371.

At trial, the case against Boyce was built entirely on circumstantial evidence. A registration statement from the Barre Motel in Wilkes–Barre, Pennsylvania, indicated that three persons, including an individual calling himself either Aaron Boyce or Aaron Boyle, stayed in room 36 on October 2 and 3, 1983. The motel registration also listed Boyce's or Boyle's address as 11 E. 7th Street, Hoboken, New Jersey and indicated that he was driving a 1974 Mustang with New Jersey license plate number 869 UCI. New Jersey Department of Motor Vehicles ("DMV") records disclosed that an Aaron Boyle of 11 E. 7th Street, Hoboken, New Jersey had registered a 1974 Mustang, to which the DMV assigned license plate number 869 UCI. Further evidence presented at trial revealed that appellant Aaron Boyce, although not residing in Hoboken, resided at 11 E. 7th Street, Brooklyn, New York, with his mother and stepfather. A search of the Brooklyn apartment conducted pursuant to a search warrant approximately three weeks after the Bartikowsky burglary netted a large quantity of stolen

jewelry, including jewelry identified as missing from Bartikowsky's Jewelers.

The most damning evidence introduced against Boyce was a prior written statement given by his codefendant, John McMahon. On June 18, 1984, McMahon gave a statement to Robert Rodenberg of the New York City Police Department and Gerald Fornino of the FBI while he was in custody at the Brooklyn House of Detention. At trial, during his direct examination, FBI agent Fornino read to the jury McMahon's statement:

> "On September 30, 1983 ..., I [McMahon] drove to ... the Barre Motel, rented a room, Number 36. I checked out Bartikowsky Jewelers in Wilkes–Barre.
>
> On September 30, 1983, I and two others went on the roof and checked for alarms. I started opening the roof and got through about 4:00 to 5:00 a.m., covered the hole and came back October 1st, 1983, and made sure no one noticed us.
>
> Went through the roof 11:30 p.m., got into vault 4:00 a.m. and took watches, jewelry/three and one-half pillow cases.
>
> I got back at 6:00 a.m. I went into 1975 Mustang, New Jersey plates. I came back with two others to Brooklyn and fenced goods."

App. at 65. McMahon voluntarily signed the statement, which was written on a government "advice of rights" form, indicating that he was fully apprised of his constitutional rights before making the declaration. However, McMahon gave the statement while in custody before he had the benefit of assistance of counsel.

At trial, McMahon exercised his fifth amendment rights and did not testify. Boyce's counsel made a timely objection to the admission of McMahon's statement on the alternate grounds that it was inadmissible hearsay, and that its admission violated Boyce's rights under the confrontation clause of the sixth amendment. The district court overruled Boyce's objections and admitted McMahon's statement pursuant to the "statement against interest" exception to the hearsay rule embodied in Rule 804(b)(3) of the Federal Rules of Evidence.

Based on the above evidence, on October 31, 1984, a jury convicted Boyce of both conspiracy and interstate transportation of stolen property. The district court sentenced Boyce to serve a term of ten years on the interstate transportation charge and two years on the conspiracy charge, the terms to run consecutively. In addition, the district court ordered Boyce to pay restitution in the amount of $1,278,903.00, less the value of any recovered merchandise, under authority of the Victim and Witness Protection Act, 18 U.S.C. §§ 3663–64. On November 6, 1984, Boyce filed a motion for a new trial and a motion for judgment of acquittal. Almost *three full years* later, on October 9, 1987, the district court denied Boyce's motions for a new trial and judgment of acquittal. Boyce filed a notice of appeal with this Court on October 19, 1987.

## II.

The principal problem raised in this appeal is whether the district court erred in admitting McMahon's statement into evidence under the declarations against interest exception to the hearsay rule embodied in Rule 804(b)(3) of the Federal Rules of Evidence.[1] The justification for this exception to the hearsay rule "rests upon the assumption that one does not make statements that would damage [oneself] unless the statement is true." *United States v. Palumbo*, 639 F.2d 123, 127 (3d Cir.) (quoting *United States v. Bailey*, 581 F.2d 341, 345–46 n. 4 (3d Cir.1978)), *cert. denied*, 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981).

While Rule 804(b)(3) is often invoked by defendants to admit declarations

---

1. Rule 804(b)(3) states in relevant part:

    (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

    \*   \*   \*   \*   \*   \*

    (3) Statement against interest. A statement ... so far tended to subject the declarant to civil or criminal liability, ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true....

against interest by a third party which *exculpate* the accused in a criminal case, this case involves a third-party declaration against interest which *implicates* the accused. This Court has recognized that "Rule 804(b)(3) may be invoked to admit declarations against interest by a third party which inculpate the accused." *Palumbo*, 639 F.2d at 129 (concurring opinion). However, in such cases the statement is received as substantive evidence only if (1) the declarant is unavailable as a witness, and (2) the statement is so far contrary to his pecuniary, proprietary or penal interest that "a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R.Evid. 804(b)(3). Of course, "[t]he conclusion that a 'reasonable person in [the declarant's] position would not have made the statement unless he believed it to be true,' often requires ... a sensitive analysis of the circumstances in which the statement was made and the precise nature of the statement." *Palumbo*, 639 F.2d at 127. Consequently, this Court and others have focused on a third, somewhat redundant, requirement that the trustworthiness and reliability of the statement be corroborated by the "totality of circumstances" in the case. *See Palumbo*, 639 F.2d at 127–28 (opinion of the court); *Id.* at 131 (concurring opinion); *See, also United States v. Rasmussen*, 790 F.2d 55, 56 (8th Cir.1986); *United States v. Stratton*, 779 F.2d 820, 828 (2d Cir.1985), *cert. denied*, 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726 (1986).

■ The first requirement for the admissibility of McMahon's statement is met in this case. McMahon's invocation at trial of his fifth amendment right against self-incrimination made him "unavailable as a witness" within the meaning of Rule 804.[2] Second, because McMahon's statement is a confession of criminal activity, on its face it appears contrary to his own penal interest such that a reasonable person in his posi-

tion would not have made the statement unless he believed it to be true. However, a careful examination of the reliability of McMahon's statement also requires an analysis of the circumstances in which it was made. As this Court has observed, "a statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest." *Palumbo*, 639 F.2d at 127 (quoting Advisory Committee Note to Rule 804). Therefore, we turn to an analysis of whether the trustworthiness of McMahon's statement is corroborated by the totality of circumstances in the case.

■ In determining whether McMahon's statement is corroborated by the totality of circumstances in this case, we must examine both the context in which the declaration was made, as well as its content. *See United States v. Bailey*, 581 F.2d 341, 349 (3d Cir.1978) ("the trustworthiness of a statement should be analyzed by evaluating not only the facts corroborating the veracity of the statement, but also the circumstances in which the declarant made the statement and the incentive he had to speak truthfully or falsely"). McMahon gave his statement while in custody at the Brooklyn House of Detention before he had the benefit of assistance of counsel. Apart from an indication that McMahon was appraised of his constitutional rights before signing the written statement, the record is barren concerning the circumstances surrounding his arrest and interrogation. There is nothing in the record which indicates that McMahon was not motivated by a desire to curry favor with the FBI agent and police officer interrogating him. In fact, it is uncontroverted that McMahon later entered into a plea bargain with the government prior to trial which included a recommendation that he receive concurrent sentences on the conspiracy and interstate

---

2. Rule 804(a)(1) of the Federal Rules of Evidence defines unavailability as follows: " 'Unavailability as a witness' includes situations in which the declarant—(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the

declarant's statement...." In this case, the district court ruled that McMahon properly invoked his fifth amendment privilege in refusing to testify concerning the contents of his statement. App. at 56.

transportation of stolen property charges. Appellants' Brief at 13. Despite the fact that the content of McMahon's statement was corroborated by other evidence in the case, the context in which the statement was given indicates that it was unreliable. While we are unwilling to hold that any declaration against interest made in custody is inherently unreliable, an examination of the "totality of circumstances" in this case does not support the conclusion that McMahon's statement is trustworthy. *Palumbo*, 639 F.2d at 127–128. Therefore, we hold that the district court abused its discretion when it admitted McMahon's statement under Fed.R.Evid. 804(b)(3).

■ McMahon's statement was the centerpiece of the government's case against Boyce. While Boyce is not directly identified by name, the McMahon statement places three burglars in the Barre Motel using a 1975 Mustang with New Jersey plates which was driven from Wilkes–Barre to Brooklyn immediately following the burglary. As discussed previously, other circumstantial evidence presented at trial suggests that Boyce registered at the Barre Motel with two other persons on the two nights prior to the burglary, and that he was driving a 1974 Mustang with New Jersey plates. In addition, jewelry from the burglary was discovered in his residence in Brooklyn. Far from being harmless error, the introduction of McMahon's statement was the linchpin in the evidence forming a central and cohesive bridge between the circumstantial evidence and the identity of Boyce as a participant in the burglary. We therefore hold that the admission of McMahon's statement against Boyce was prejudicial error requiring a reversal of his convictions for conspiracy and interstate transportation of stolen property.[3]

■ The district court order of October 9, 1987, which Boyce appeals, denied both his motion for a new trial and his motion

for judgment of acquittal. Because the admission of McMahon's statement was prejudicial error, we will reverse Boyce's convictions and grant his motion for a new trial. However, when "viewed in the light most favorable to the government," we cannot find that, absent McMahon's statement, there was insufficient evidence to support a jury conviction. *See Government of Virgin Islands v. Joseph*, 770 F.2d 343, 345 (3d Cir.1985). For example, Boyce's unexplained possession of stolen jewelry from Bartikowsky's Jewelers in his residence in Brooklyn three weeks after the burglary, when combined with the other circumstantial evidence in this case, may at trial support the permissible inference that he knew the jewelry was stolen and transported it in interstate commerce. *See United States v. Andrews*, 675 F.2d 962, 964 (8th Cir.1981). Therefore, we will affirm the district court's denial of Boyce's motion for judgment of acquittal.

### III.

■ Apart from our analysis of the merits of Boyce's appeal, we are greatly troubled by other aspects of this case. First, it is evident that at trial the Assistant United States Attorney attempted to unfairly prejudice the jury by inappropriately commenting on evidence not before the court.[4] At trial, New York City police detective Catherine Codd testified that some electronic equipment and sophisticated electronic manuals dealing with alarm systems were seized during the search of the apartment where Boyce lived with his parents. However, the government chose not to produce or introduce the equipment or manuals into evidence. Boyce's counsel then cross-examined Detective Codd as to why she failed to bring the manuals and equipment to trial in an attempt to diminish their importance. A short time later, the Assistant United States Attorney proclaimed in open court before the jury that:

---

**3.** Because we hold that the admission of McMahon's statement under Rule 804(b)(3) was an abuse of discretion requiring reversal of Boyce's convictions, we need not address the other contentions raised in his appeal.

**4.** Counsel for the government in this appeal was not trial counsel in the district court.

"As we're waiting for Detective Boresky [to appear for testimony], I'd be happy to ask the New York City Police Department to produce the other items seized in the search if the defense intends to have any use of them." App. at 45. We are greatly disturbed by counsel's bald attempt to undercut the defense's cross-examination and vouch for the credibility of his own witness by making such an inappropriate comment in front of the jury. While our decision to reverse Boyce's convictions on the grounds discussed above means that we need not decide whether counsel's remarks were so prejudicial as to dictate the grant of a mistrial, we still firmly condemn such prosecutorial theatrics.

In addition, it is with extreme consternation that we observe that the district court took almost *three full years* to deny Boyce's post-trial motions for a new trial and judgment of acquittal. Boyce's court-appointed attorney filed Boyce's motions for a new trial and judgment of acquittal on November 6, 1984. After extensions of time were granted to both Boyce and the government, the issues raised in Boyce's post-trial motions were fully briefed by March 8, 1985. More than two and one-half years later, on October 9, 1987, the district court finally denied Boyce's motions for a new trial and judgment of acquittal.

Nothing in the record before us even hints at a reasonable explanation for this unconscionable delay. Conceivably, this matter might have slipped through the cracks of the district court's docket which is unquestionably burdened by the weight of a heavy case load. However, counsel for the defendant has informed us that he repeatedly telephoned the district judge's chambers in August of 1985, January of 1986, June of 1986, December of 1986, May of 1987 and September of 1987 concerning the status of his client's pending post-trial motions.[5] In addition, in July of 1986, Boyce's counsel reminded the district court by letter that Boyce's post-trial motions remained open.[6] Consequently, on August 27, 1986, the district court heard approximately one hour of oral argument on Boyce's post-trial motions in the course of an evidentiary hearing concerning the restitution portion of Boyce's sentence.[7] Yet, despite these repeated efforts to bring this matter to the court's attention, it still took almost three full years from the date of filing to deny Boyce's motions for a new trial and judgment of acquittal.

Defense counsel's acceptance of a court appointment to represent Boyce, who was an indigent criminal defendant, included a serious commitment to zealously represent the best interests of his client. *See* Code of Professional Responsibility, Canon 7; ABA Model Rules of Professional Conduct 1.3. In light of this extraordinary delay, we are surprised that Boyce's counsel failed to file a petition for a writ of mandamus on behalf of his client. *See* 28 U.S.C. § 1651(a).

Regrettably, we cannot ignore that the ultimate responsibility for this unjust delay rests on the shoulders of the district judge. The simple fact remains that Boyce filed his post-trial motions on November 6, 1984, and the district judge did not rule on the motions until October 9, 1987. In the context of a criminal conviction, the considerable dangers involved in such a delay are manifest in the case before us. By the time this opinion will issue, Aaron Boyce, age 23 when first imprisoned in this case,

---

**5.** Letter from defense counsel to Chief Deputy Clerk, United States Court of Appeals for the Third Circuit (June 1, 1988) (In response to letter of May 20, 1988 from this Court requesting information concerning the delay).

**6.** *Id.* Pending the disposition of Boyce's motions for a new trial and judgment of acquittal, on August 28, 1985, Boyce's counsel filed a motion for an evidentiary hearing concerning the restitution portion of Boyce's sentence. Ten months later, on July 9, 1986, the district court scheduled a hearing on the restitution question

for August 27, 1986. In response, on July 17, 1986, Boyce's counsel sent the district judge a letter reminding him that Boyce's post-trial motions were still open, and suggesting that argument also be presented on the outstanding motions during the scheduled restitution hearing. On July 31, 1986, the district judge responded by sending a letter requesting counsel to be prepared to argue the outstanding motions.

**7.** *Id.*

will have been forced to serve three and one-half years of a twelve year sentence that we now reverse. The injustice inflicted by judicial delay of this magnitude is intolerable.

### IV.

In summary, we hold that the district court erred by admitting the statement of codefendant McMahon into evidence under the declarations against interest exception to the hearsay rule embodied in Rule 804(b)(3) of the Federal Rules of Evidence. The admission of McMahon's statement against appellant Boyce constituted prejudicial error requiring a reversal of his convictions for conspiracy and interstate transportation of stolen property. Therefore we will reverse in part the district court's order of October 9, 1987, and grant Boyce's motion for a new trial. In addition, we will affirm the district court's denial of Boyce's motion for judgment of acquittal and remand for proceedings consistent with this opinion.