**UNITED STATES of America**

v.

**Darryl GREEN.**

**Crim. No. 88–69–03.**

United States District Court, E.D. Pennsylvania.

Aug. 8, 1988.

MEMORANDUM AND ORDER

CAHN, District Judge.

On June 23, 1988, Jerry Leon Selby, Darryl Green and Derek Smith were convicted on an indictment alleging criminal conspiracy and unlawful possession and transfer of a machine gun. Defendant Green now moves for a new trial, arguing that his counsel should have been permitted to elicit from a prosecution witness, Detective Joseph Maguire, a statement by Selby exculpating Green. The statement was made during an interview with Maguire in which Selby confessed to participating in the transfer and sale of the machine gun which was the subject of the indictment.[1] Green's motion and memorandum of law rely on Federal Rules of Evidence 804(b)(3), 804(b)(5) and 106 in support of the admissibility of this hearsay statement. Accordingly, I shall address each Rule in turn.

Federal Rule of Evidence 804(b)(3) defines a statement against interest as:

> A statement which was at the time of its making so far contrary to the defendant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Interpreting this exception to the hearsay rule, the Court of Appeals for the Third Circuit has held that a statement against penal interest should be received as substantive evidence only if (1) the declarant is unavailable as a witness; (2) the statement is so far contrary to his interest that "a reasonable person in the declarant's position would not have made the statement

Robert Goldman, Asst. U.S. Atty., for United States.

Defender Assn. of Philadelphia, Jeffrey A. Lutsky, Philadelphia, Pa., for defendant.

1. The relevant portion of Detective Maguire's interview notes reads as follows:

   Bill asked me if I could get a machine gun and I told him I knew somebody who had one, the guy from Harrisburg. Bill gave me six hundred dollars and I gave him the bag with the machine gun in. I got it from the guy from Harrisburg. Daryl wasn't involved at all.

unless believing it to be true; and (3) the trustworthiness and reliability of the statement are corroborated by the "totality of the circumstances" in the case. *United States v. Boyce*, 849 F.2d 833, 836 (3d Cir. 1988).

■ The first requirement for admissibility is met in this case since Selby's invocation of the fifth amendment made him unavailable within the meaning of Fed.R. Evid. 804. *See id.* at 836; Transcript of Sidebar Conference, June 22, 1988 at 6–7. The second prong of the test is more problematic. Under the circumstances of this case the statement "Darryl was not involved at all" does not seem logically to be contrary to Selby's interest since it came at the end of a detailed confession to his participation in the sale of the machine gun. Having just finished the story of his own key participation, the tangential comment that Darryl was not involved could not have subjected Selby to an additional sanction and strictly speaking does not seem to meet the requirements of the hearsay exception. *See United States v. Goodlow*, 500 F.2d 954, 956 (8th Cir.1974); *United States v. Marquez*, 462 F.2d 893 (2d Cir. 1972); *United States v. Seyfried*, 435 F.2d 696, 697 (7th Cir.1970), *cert. denied*, 402 U.S. 912, 91 S.Ct. 1393, 28 L.Ed.2d 654 (1971). Furthermore, since the crimes in this case were such that more than one person could be guilty of each, Green's innocence was not in and of itself prejudicial to Selby; nor did Selby's confession by itself exculpate Green. *Cf. United States v. Barrett*, 539 F.2d 244, 252 (1st Cir.1976).

Nevertheless, a majority of courts facing similar facts have circumvented this rather harsh logic by treating the exculpatory portion of an otherwise self-incriminatory narrative as a contextual statement sufficiently related and integral to the portion meeting the strictest interpretation of the rule to be considered "collateral" admissible material. *See United States v. Lopez*, 777

F.2d 543, 554 (10th Cir.1985); *United States v. Brainard*, 690 F.2d 1117, 1124 (4th Cir.1982); *United States v. Beltempo*, 675 F.2d 472 479–80 (2nd Cir.1982); *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir.1978); *United States v. Thomas*, 571 F.2d 285, 289 (5th Cir.1978); *United States v. Barrett*, 539 F.2d 244, 252–53 (1st Cir. 1976). *See generally* E. Cleary, *McCormick on Evidence* § 279 (3d ed. 1984).[2] In light of this authority and the Supreme Court's admonition against a mechanistic application of the hearsay rules to exculpatory evidence in *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973), I shall not base my decision on this factor but will focus instead on whether the proffered testimony bears other persuasive assurances of trustworthiness. Since I find, *infra*, that it does not, I need not revisit this difficult question.

■ According to the most recent pronouncement of the Court of Appeals for the Third Circuit, in determining whether Selby's statement meets the corroboration requirement of Rule 804(b)(3), I must examine both the declarant's personal reliability and circumstances when the statement was made and the evidence in the the trial record supporting or contradicting the veracity of the statement. *See Boyce*, at 836–37. "[T]he inference of trustworthiness from the proffered 'corroborating circumstances' must be strong, not merely allowable." *United States v. Salvador*, 820 F.2d 558, 561 (2d Cir.1987). Green's motion fails to present any argument favoring a finding that Selby made his statement under circumstances in which he had an incentive to speak truthfully about Green's participation. In any case, I see no reason why the facts here distinguish this case from others in which a confessing co-conspirator or co-participant in criminal conduct seeks merely to make the best of a situation by insulating his partners through protestations of their innocence.

---

**2.** In these opinions, the courts have often sought to buttress their holding by pointing out that the exculpatory statement strengthened the impression that the declarant had an insider's guilty knowledge of the crime. *See, e.g., Brainard*, 690

F.2d at 1124; *Barrett*, 539 F.2d at 252. This point was adopted by Judge Adams in *United States v. Palumbo*, 639 F.2d 123, 131–32 (3d Cir.) (concurring opinion), *cert. denied*, 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed. 90 (1981).

*See United States v. Albert*, 773 F.2d 386, 390 (1st Cir.1985); *Marquez*, 462 F.2d at 895. Furthermore, on balance the evidence presented in this case does not corroborate Selby's assertion that Green was completely uninvolved. To the contrary, the evidence at trial showed that Green was present during a conversation in which Derek Smith and Selby negotiated with a government informant, William Wentling, over the price for the sale of the machine gun. The evidence further showed that Darryl Green maintained custody of the gun and retrieved it the night it was transferred to William Wentling. While Wentling's testimony tended to prove that Selby and Smith shouldered a greater degree of responsibility in the transaction, it certainly did not extricate Green from the conspiracy. Thus, I find that the offered testimony was not sufficiently corroborated to satisfy 804(b)(3).

■ Defendant Green's argument that the evidence is admissible under Rule 804(b)(5) likewise fails for lack of corroboration indicating trustworthiness. *See United States v. Rodriguez*, 706 F.2d 31, 41 (2d Cir.1983); *Hoyos*, 573 F.2d at 1115–16. Moreover, Rule 804(b)(5) requires that the proponent notify the adverse party of his intention to offer a statement under that Rule. When notice prior to trial is not possible the rule nonetheless requires notice during trial to afford the opponent a sufficient opportunity to prepare for and contest the admissibility of the evidence. *United States v. Bailey*, 581 F.2d 341, 348 (3d Cir.1978). Since the transcript of the sidebar discussion reveals that Green's attorney at no time suggested to the court that the statement was admissible under this subsection, Green's motion may not be granted on this basis.

■ Finally, as to Green's argument in favor of admissibility under Rule 106, I note that the Court of Appeals for the District of Columbia Circuit has held that the Rule permits the introduction of evidence that is otherwise inadmissible under other Federal Rules. *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir.1986). Coupled with the Court of Appeals for the Second Circuit's holding that Federal Rule of Evidence 611(a) may be used to enforce a rule of verbal completeness equivalent to Rule 106's governance of writings, *see United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987), the defendant's logic grows stronger still. However, these holdings do not support the relief requested here, as neither 106 or 611(a) "require the introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." *United States v. Soures*, 736 F.2d 87, 91 (3d Cir.1984), *cert. denied*, 469 U.S. 1161, 105 S.Ct. 914, 83 L.Ed.2d 927 (1985). I find that fairness does not require that I admit the exculpatory statement under a completeness analysis since it is not necessary to clarify, explain or qualify the admitted portions of Detective Maguire's testimony. *Cf. United States v. Wright*, 826 F.2d 938, 946 (10th Cir.1987); *United States v. Smith*, 794 F.2d 1333, 1335–36 (8th Cir.), *cert. denied*, 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986). I hesitate to apply the completeness principle any less stringently lest it develop into a simple expedient for circumventing the careful balancing of interests codified in Rule 804(b)(3).

In summary, although I recognize the importance to a criminal defendant of any exculpatory piece of evidence, I am constrained to hold that the proffered testimony was inadmissible hearsay not within any of the suggested exceptions.

An appropriate Order follows.

### ORDER

AND NOW, this 8 day of August, 1988, upon consideration of defendant Green's Motion for a New Trial, and the government's response thereto, IT IS ORDERED that the motion is DENIED.