**UNITED STATES of America, Appellant,**

v.

**James E. RASMUSSEN, Appellee.**

**No. 85–2369.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1986.

Decided May 9, 1986.

Deborah Dawson, Washington, D.C., for appellant.

Raymond Rosenberg, Des Moines, Iowa, for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

Appellee, James E. Rasmussen, was indicted on five counts of income tax evasion, 26 U.S.C. § 7201 (1982), for his alleged failure to declare a total of $105,000 in taxable income for tax years 1978–82. Appellee owns Jensen Construction Company, an Iowa firm which constructs bridges. The government sought to establish that the $105,000 unreported on appellee's income tax returns represented illegal kickbacks or bribes in a bid-rigging scheme between appellee and a subcontractor, Drossos Tiliakos. Tiliakos is the president and majority shareholder of J & N Industrial Painting, Inc., a Florida corporation which received frequent subcontracts from

---

appellee for bridge painting work. Appellee contends that the $105,000 at issue represents loans extended to him over five years by Tiliakos, as to which he has made a partial repayment of $30,000.

Tiliakos moved to Greece in 1983 after the Internal Revenue Service issued a jeopardy tax assessment against him and recommended criminal prosecution for tax evasion. These charges are unrelated to appellee. Because he apparently is not subject to extradition and has refused to honor a government subpoena, Tiliakos is unavailable as a witness in appellee's trial. The government has brought this interlocutory appeal from a preliminary determination by the district court[1] under FED.R. EVID. 104(a) that certain extrajudicial statements by Tiliakos concerning the $105,000 paid to appellee did not qualify for admission as statements against Tiliakos' penal interest, FED.R.EVID. 804(b)(3).[2]

This court has adopted the following guidelines concerning a statement against the penal interest of the declarant which is also inculpatory as to the accused in whose criminal trial admission of the statement is sought:

> [B]efore an inculpatory statement against penal interest is admissible under Rule 804(b)(3), it must be shown that (1) the declarant is unavailable as a witness, (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.

*United States v. Riley*, 657 F.2d 1377, 1383 (8th Cir.1981). The third of these criteria, the corroboration requirement, has been read into Rule 804(b)(3) to satisfy the confrontation clause rights of an accused whose penal interest is implicated by the declarant's out-of-court statement. *Id.* at 1383 n. 7, *citing United States v. Alvarez*, 584 F.2d 694, 701 (5th Cir.1978).

■ The trustworthiness of a statement against the declarant's penal interest is determined by analysis of two elements: "the probable veracity of the in-court witness, and the reliability of the out-of-court declarant." *Alvarez, supra,* 584 F.2d at 701. Factors to be considered in such an analysis include: (1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, (2) the general character of the speaker, (3) whether other people heard the out-of-court statement, (4) whether the statement was made spontaneously, (5) the timing of the declaration and the relationship between the speaker and the witness. *Id.* at 702 n. 10.

The statements which the government sought to introduce were allegedly made by Tiliakos to James A. Marsicola, his uncle by marriage and office manager of Tiliakos' company between February 1981 and February 1982. The substance of the statements, made while Marsicola worked for Tiliakos, was that the payments to appellee were kickbacks paid in connection with a bid-rigging arrangement between Tiliakos and appellee.

■ With respect to the factors bearing on veracity and reliability, the following evidence was before the district court. Marsicola applied for and received a $14,000 reward for information he supplied to help the Internal Revenue Service build a tax case against Tiliakos, and he has similarly applied for an informant's reward for information supplied concerning appellee. Marsicola is currently disabled and unemployed. Furthermore, he owes Tiliakos a substantial sum for loans which have not been repaid. Before Tiliakos formed his own company, he worked for a firm owned by Marsicola and a partner. The circumstances of his departure from that company resulted in a $90,000 loss to the firm which Marsicola and his partner worked for four years to recoup.

As for Tiliakos, the government's own tax case against him has revealed thirteen

---

1. The Honorable William C. Stuart, Senior Judge, United States District Court for the Southern District of Iowa.

2. Appellee's trial has been continued pending the outcome of this appeal.

cases of false and fraudulent entries on the books for J & N Industrial Painting, Inc. and $1,000,000 in expenses improperly deducted of which $300,000 represent false and fraudulent deductions. Tiliakos has been charged with civil tax liability, and criminal prosecution has been recommended. Tiliakos had a history of converting his company's funds to his own use as well as to loans and gifts to family and friends. Tiliakos had previously lied to Marsicola concerning some of these transactions. Furthermore, Tiliakos told a previous office manager, an Internal Revenue Service agent, his own attorneys and appellee's attorney that the payments to appellee were loans.

In light of this record, we conclude that the district court did not abuse its discretion in excluding the Tiliakos statements in the absence of corroborating circumstances and the clear indicia of reliability required by the confrontation clause. Accordingly, we affirm.

