# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2818EM

_____

| | | |
|---|---|---|
| United States, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri |
| | * | |
| Charles Franklin, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: May 17, 2001

Filed:   May 22, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and
        CARMAN, Judge.[1]


CARMAN, Judge:

    In August 1999, Charles Franklin (Appellant) was indicted and

charged with three counts of violating 21 U.S.C. §841(a)(1). Specifically,

Mr. Franklin was indicted for:  (1) knowingly and intentionally possessing

_____

[1]The Honorable Gregory W. Carman, Chief Judge of the United States Court of
International Trade, sitting by designation.

with the intent to distribute over 50 grams of cocaine base; (2) knowingly and intentionally possessing with the intent to distribute an unspecified amount of heroin; and (3) knowingly and intentionally possessing with the intent to distribute an unspecified amount of cocaine powder. In July 2000, Mr. Franklin was tried and convicted on all three counts. The United States District Court for the Eastern District of Missouri (Jackson, J.) sentenced Mr. Franklin to 240 months on each count to be served concurrently. Mr. Franklin appealed, raising a number of evidentiary and constitutional issues. We affirm.

## I. BACKGROUND

In December 1997, St. Louis Police Department officers Brian Dolan and Charles Johnson were conducting surveillance in the 4700 block of Northland Avenue, St. Louis. The officers were assigned to this location because a string of armed robberies had occurred in the neighborhood. While on surveillance, Officer Dolan and Officer Johnson witnessed a man cross in front of the residence at 4753 Northland Avenue (the "residence"). As the officers approached the man, he discarded a vial containing what was later determined to be crack cocaine. The officers apprehended the man who identified

himself as Kerry Dillon. Unable to produce verification of his identity, Mr. Dillon explained that several persons located inside the residence could confirm his identity.

As the officers escorted Mr. Dillon through a gangway leading to the back of the residence, they encountered Appellant. Appellant, upon being confronted, threw down a bag he was carrying, shouted "it's the police," and ran across the gangway toward the back of the residence. Officer Dolan chased Appellant and apprehended him as he was attempting to enter the back of the residence. Officer Dolan arrested Appellant and recovered a .38 caliber pistol from Appellant's waistband. Additionally, Officer Dolan recovered $1040.00 from Appellant's pockets.

Officers Dolan and Johnson took Appellant into the residence, secured the eight occupants inside the house and called for assistance. Upon the arrival of additional officers, Officer Dolan opened the bag Appellant had thrown down and discovered "a large amount of narcotics, as well as a scale, and a video camera and a Polaroid camera."

Appellant was tried and the jury returned guilty verdicts on each count. Appellant raises six[2] issues on appeal: (1) the district court erred in admitting evidence of Appellant's prior arrest and conviction for drug possession; (2) the district court erred in overruling Appellant's objection to certain comments made by the United States during the government's rebuttal portion of closing arguments; (3) the district court erred in overruling Appellant's objection to the United States' description of a pistol witnessed in the residence and to the United States' mischaracterization of a defense witness' prior criminal history; (4) the district court violated Appellant's due process rights when it failed to instruct the jury on every element of the offenses charged and to further instruct the jury that each element of the offense must be proven beyond a reasonable doubt; (5) the district court violated Appellant's due process rights when it inappropriately applied the penalty provisions in 21 U.S.C. §841(b) to Count II and Count III of the indictment; and (6) the district court erred in imposing enhanced sentences based upon a prior drug conviction because no judgment had become final as to Appellant's earlier state court conviction.

---

[2] Although Appellant's brief enumerates seven issues, the legal bases underlying two of these issues are identical and, therefore, can be combined.

## II.  Discussion

A.  <u>The Admission of Appellant's Prior Arrest and Conviction for Drug Possession for the Purpose of Demonstrating Knowledge and Intent</u>

At trial, the United States sought to enter evidence of Appellant's prior arrest and guilty plea for possession of cocaine base to establish in the present case Appellant's knowledge that he possessed narcotics and his intention to distribute those narcotics.  Appellant objected to the admission of this evidence on the grounds that it did not meet the requirements of Fed. R. Evid. 404(b) and that its prejudicial effect significantly outweighed its probative value under Fed. R. Evid. 403. The district court overruled Appellant's objection and the evidence was admitted.

The United States presented testimony from the officer who arrested Appellant in 1992.  The officer stated that Appellant was one of seven people arrested in a raid on a suspected drug house.  Prior to the raid, undercover police officers purchased drugs from the home.  The transaction occurred through a mail slot in the home's front door,

preventing the police from identifying the individual who sold the drugs. However, upon entering the house police found Appellant exiting a bathroom that contained a plate, razor blades, and quantities of crack cocaine, and money used by the police to purchase drugs. Appellant was arrested and charged with possession with the intent to distribute. The United States presented additional expert testimony from an officer who established that razor blades and plates are paraphernalia ordinarily associated with drug distribution. Finally, the United States presented a valid copy of Appellant's judgment of conviction in which he pled guilty to possession of cocaine base.

It is well settled that the prosecution may not introduce evidence of prior criminal conduct to establish a defendant's character in an attempt to prove conformity therewith. *See* Fed. R. Evid. 404(b). Federal Rule of Evidence 404(b),[3] however, creates several exceptions to this broad prohibition, including the admission of prior criminal conduct to demonstrate a defendant's knowledge and intent. This Court has stated that evidence of other crimes is admissible under Rule 404(b) if it is: (i)

_____

[3] FRE 404(b): Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial….

relevant to a material issue; (ii) proved by a preponderance of the evidence; (iii) higher in probative value than in prejudicial effect; and (iv) similar in kind and close in time to the crime charged. *See, e.g., United States v. Rush,* 240 F.3d 729, 731 (8th Cir. 2001). An appellate court reviews the admission of evidence under FRE 404(b) for abuse of discretion, and will disturb a district court's decision "only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Howard*, 235 F.3d 366, 372 (8th Cir. 2000), *quoting*, *United States v. Brown*, 148 F.3d 1003, 1009 (8th Cir. 1998), *cert. denied*, 525 U.S. 1169, 119 S.Ct. 1092, 143 L.Ed.2d 92 (1999). The evidence admitted by the District Court clearly had a direct bearing on the crimes charged, was properly admitted for purposes other than to establish a defendant's propensity to commit criminal acts, and, for the reasons stated below, satisfied the four-prong test adopted by this Circuit.

First, this Circuit has frequently held that "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *United States v. Hardy*, 224 F.3d 752, 757 (8th Cir. 2000), *quoting*,

*United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997); *see also*

*United States v. Oates*, 173 F.3d 651, 659-60 (8th Cir. 1999) (rejecting

defendant's argument that a prior conviction involving 4.4 grams of crack

cocaine was irrelevant to offenses at issue, which involved 53.1grams of

crack cocaine); *United States v. Wiley*, 29 F.3d 345, 351 (8th Cir. 1994)

(evidence of prior possession of cocaine base admissible in prosecution

for possession of cocaine base with intent to distribute), *cert. denied*, 513

U.S. 1005, 115 S.Ct. 522, 130 L.Ed.2d 427 (1994); *United States v. Wint*,

974 F.2d 961, 967 (8th Cir. 1992) (finding that evidence of prior

possession of a distributable amount is relevant to a defendant's intent to

distribute drugs.)  The admitted evidence was, therefore, relevant to a

material issue.

Second, the prior criminal conduct was proved by more than a

preponderance of the evidence.  As stated, the United States offered the

testimony of both the 1992 arresting officer and an expert on drug

paraphernalia.   In addition, the United States admitted a copy of

Appellant's 1992 judgment of conviction. Although Appellant argues the

testimony of the two officers establishes little more than Appellant's

proximity to drugs in the 1992 case, the Court is persuaded that this

testimony is sufficient to demonstrate some evidence of knowledge and intent.

Third, although admitting evidence of prior criminal conduct has some prejudicial effect on the defendant, whether this effect substantially outweighs the evidence's probative value is left to the discretion of the trial court. *See United States v. Valencia*, 61 F.3d 616, 618 (8th Cir. 1995). Because the trial court must balance the amount of prejudice against the probative value of the evidence, this Circuit will normally defer to that court's judgment. *See id*. Moreover, the presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts. *See United States v. Gustafson*, 728 F.2d 1078, 1084 (8th Cir. 1984). The District Court explicitly instructed the jury that:

> You may not use [the evidence of prior criminal conduct] to decide whether the defendant carried out the acts involved in the crimes that are charged in the present indictment… Remember, even if you find that the Defendant committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you think or believe that he may have committed similar acts in the past… you may consider evidence of prior acts only on the issues of knowledge and intent.

This instruction sufficiently diminished the prejudicial effect of the contested evidence so as to permit its admission under Fed. R. Evid. 404(b). Similarly, this instruction was sufficient to allow for admission under the balancing test of Fed. R. Evid. 403.

Fourth, the prior conduct admitted by the United States occurred in 1992. In the present case, Appellant was indicted for conduct that occurred in 1997. The length of time between incidents clearly affects the relevance of the offered evidence, but "there is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent." *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995), *quoting*, *United States v. Burkett*, 821 F.2d 1306, 1309-10 (8th Cir. 1987). The closer in time to the crime charged, the more likely the evidence is to be admissible; but we have approved the admission of other crimes' evidence for acts committed up to 13 years before the crime charged. *See id.*, *citing*, *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981). To determine if evidence is too remote, "the court applies a reasonableness standard and examines the facts and circumstances of each case." *Shoffner*, 71 F.3d at 1432.. In other drug cases, we have held that a lapse of time comparable to that present here was sufficiently close in time to render the other crimes or bad acts evidence admissible.

-10-

*See, e.g., Wint*, 974 F.2d at 967 (five-year lapse is reasonably close in time).

Additionally, the two incidents are sufficiently similar in kind to warrant admission. As we have held, "when admitted for the purpose of showing intent, the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Shoffner*, 71 F.3d at 1432, *quoting*, *United States v. Burkett*, 821 F.2d at 1309. In 1992, Appellant was arrested inside a known drug-house, in proximity to cocaine base, plates and razor blades. In the present case, Appellant was arrested outside, in possession of cocaine base, cocaine powder, heroin, and several forms of drug paraphernalia. Although the details surrounding the prior incidents are not identical, they are sufficiently similar to demonstrate knowledge and intent. Accordingly, the record clearly demonstrates that the district court did not abuse its discretion in admitting evidence of Appellant's prior criminal conduct for the purpose of establishing knowledge and intent.

B.     The Allowance of Certain Comments Made by the United States During Closing Arguments

In its case-in-chief, the United States provided testimony from Officer Dolan regarding the circumstances surrounding Appellant's arrest.

Officer Johnson testified that he ran down the gangway adjacent to 4723 Northland Avenue, rounded the rear corner of the building and witnessed Officer Dolan apprehend Appellant as he was about to enter the rear door of the residence.

On cross-examination, Appellant's Trial Counsel ("Trial Counsel") made a sustained attack on Officer Johnson in an attempt to elicit inconsistent statements and to diminish the impact of his testimony. In this attack, Trial Counsel repeatedly questioned Officer Dolan as to whether he could see the residence's rear door from the corner of the building. Officer Johnson conceded that it was not possible to see the rear door while standing immediately adjacent to the building's corner, but consistently stated that he witnessed Appellant's arrest as he "came around" the rear of the house. Officer Johnson explained that he was able to see the arrest because, as he rounded the corner, he came into the rear of the residence. In essence, Officer Johnson refuted Trial Counsel's attempts to place him at the literal rear corner of the building and established his position further toward the rear of the residence.

Throughout cross-examination and during closing arguments, Trial Counsel made several attacks on the propriety of the police action on the night in question, the competency of the officers involved in Appellant's

arrest, and the perceived state of corruption within law enforcement in general. In response, the Assistant United States Attorney (the "Prosecutor") prosecuting the case made several comments during his closing argument that related to Trial Counsel's attempts to "trick" Officer Johnson. Trial Counsel objected to these references and characterized them as a personal attack. The district court overruled Trial Counsel's objection and the Prosecutor continued with his references.

Appellant argues the district court abused its discretion when it overruled Trial Counsel's objection. In support of his argument, Appellant cites *United States v. Nelson*, 988 F.2d 798, 807 (8th Cir. 1993) in which this Court stated that "Prosecutors should refrain from personal attacks on defense counsel." Appellant fails to note, however, that "[t]he trial court has broad discretion in controlling closing arguments and without a clear showing of abuse, that discretion will not be overturned." *Id.*, *quoting*, *United States v. Wesley*, 798 F.2d 1155, 1156 (8th Cir. 1986). Further, "[i]nappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. Instead, ... the remarks must be examined within the context of the trial to determine whether the Prosecutor's behavior amounted to prejudicial error." *Id.,* at 807,

*quoting*, *United States v. Young*, 470 U.S. 1, 11-12, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985). Thus, the district court must determine whether the challenged comments were actually improper and, if so, whether the defendant was prejudiced by such remarks.

It is unclear whether the district court found these comments to be proper or concluded that prejudice simply did not attach. Irrespective of the court's reasoning, the context in which the challenged comments were made indicates that any inappropriateness of the word "trick" did not translate into prejudice against the Appellant. As stated, Trial Counsel repeatedly attacked Officer Johnson's credibility and the integrity of law enforcement in general. In this Circuit, "[w]here the Prosecutor, his witnesses, or the work of the government agents is attacked [by defense counsel], the District Attorney is entitled to make a fair response and rebuttal." *United States v. Williams*, 97 F.3d 240, 246 (8th Cir. 1996), *quoting*, *United States v. Lee*, 743 F.2d 1240, 1253 (8th Cir. 1984). Similarly, the Supreme Court has stated that, when attacked, a prosecuting attorney may "respond substantially in order to 'right the scale.'" *United States v. Young*, 470 U.S. 1, 12-13, 105 S.Ct. 1038 (1985). In the present case, the Prosecutor's comments were calculated to rebut allegations made by Trial Counsel. Although counsel would be

well-served in the future to be circumspect in his remarks, it is evident nothing unfairly prejudiced the defendant in the prosecutor's rebuttal. Additionally, prior to and subsequent to the presentation of evidence, the district court instructed the jury that closing arguments did not constitute evidence. For these reasons, the Court finds that the challenged comments were not prejudicial. Accordingly, the district court did not abuse its discretion by denying Trial Counsel's objection.

C.   Admission of Statements Regarding a Witness's Prior Criminal Conduct and the Description of a Trial Exhibit

Appellant challenges the district court's decision to allow two separate comments made by the Prosecutor during the course of the trial. Because Appellant challenges the district court's rulings on objections to remarks made by counsel, we apply an abuse of discretion standard. For the reasons stated below, the Court finds Appellant's challenges to be without merit and the district court did not abuse its discretion.

1.   *Alleged Improper Admission of Comments Regarding a Trial Exhibit*

Appellant contends the district court erred by allowing the Prosecutor to make a reference during his closing argument that the gun

viewed inside the residence at 4753 Northland Avenue "looks a lot like" the derringer that had been used in a robbery committed earlier that night. Appellant argues this comment improperly justified the actions of Officers Dolan and Johnson on the night Appellant was arrested, and that the statement constitutes an extrajudicial fact that should have been excluded. At trial, Appellant's counsel objected to the comment but was overruled by the district court.

Counsel may not intimate information outside the scope of the trial. *See, e.g., Williams*, 97 F.3d at 245. Where such a statement is made, the district court must determine whether the statement was improper and, if so, whether that statement prejudiced the opposing party. *Id.* at 245-46. The statement at issue is, "Officer Johnson saw a silver gun. He had a description of a robber that had a silver gun – a Derringer. A Derringer looks a lot like the gun that's in evidence." There was nothing in evidence to substantiate the Prosecutor's claim that a Derringer is similar in appearance to the gun seized by the police. This remark clearly stemmed from the Prosecutor's personal knowledge and, therefore, was improper. *See United States v. Grunberger*, 431 F.2d 1062, 1068 (8th Cir. 1970) (noting that statements based upon a Prosecutor's personal knowledge are improper).

A mere finding of impropriety does not establish that the district court abused its discretion in admitting the challenged comments. Once a statement is determined to be improper, the Court must consider whether the opposing party has suffered any prejudice. Whether improper remarks have caused prejudice depends upon three factors: (1) the strength of the properly admitted evidence; (2) the curative actions taken by the trial court; and (3) the cumulative effect of the misconduct. *See United States v. Benitez-Meraz*, 161 F.3d 1163, 1166 (8th Cir. 1998).

First, despite Appellant's contentions otherwise, the evidence submitted by the United States was sufficiently strong to warrant conviction. The United States submitted as evidence the drugs and drug paraphernalia seized from Appellant at the time of his arrest, testimony from two officers establishing the facts and circumstances of Appellant's arrest, and testimony concerning his 1992 arrest and conviction for drug possession. Although Appellant produced two witnesses who gave different accounts of what occurred on the night Appellant was arrested, this does not so diminish the weight of the United States' evidence. Indeed, when contrasted with the United States' overwhelming evidence the improper prosecutorial statement pales to insignificance. Second, as

stated, the challenged comment occurred during the United States' closing argument. On several occasions, the district court instructed the jury that counsel's arguments did not constitute evidence and that they were to base their judgment only upon properly admitted evidence. These instructions were sufficient to negate any prejudice that may have attached to the Assistant United States Attorney's improper remarks. Third, the Court cannot find any cumulative effect of the alleged misconduct. The improper statement was an isolated event and isolated incidents of improper argument will not warrant reversal unless egregious. *See United States v. Johnson*, 968 F.2d 768, 771 (8th Cir. 1992). Here, the statement was clearly not egregious. Accordingly, we find that the district court did not abuse its discretion in overruling Appellant's objection.

2. *Alleged Improper Comments Regarding a Defense Witness' Criminal History*

In his defense, Appellant's Trial Counsel placed Kerry Dillon on the witness stand. During the course of direct examination, Trial Counsel established that Mr. Dillon had been convicted for three assault misdemeanors. On cross-examination, the Prosecutor asked Mr. Dillon

to restate the number of assaults for which he had been convicted. In response, Mr. Dillon stated "I don't know. Probably about one." The Prosecutor then responded and asked a question which the trial transcript reflects as: "Well, when [Trial Counsel] was asking you some questions, did you say you had been convicted of twenty-three assaults." Trial Counsel began to address the court, but the Prosecutor withdrew the question and moved on to a different topic.

Following the trial, Appellant alleged that the Prosecutor's statement constituted Prosecutorial misconduct. The United States claimed that the trial transcript did not accurately reflect the question that had been asked and then withdrawn and moved the district court for a hearing to correct the trial transcript. The district court granted the United States' motion and conducted an evidentiary hearing. During the course of the hearing, the trial judge noted that she did not possess independent recollection of the question asked. Several witnesses were examined, including the court reporter and two witnesses called by Appellant who testified that the record accurately reflected the question asked. After hearing the testimony, the district court rejected the testimony of Appellant's two witnesses and stated that "we have to sort of try to make sense of what likely happened… based on the context and based on what

we would normally expect people to say and do under these circumstances."

After reviewing the evidence, the district court concluded "the transcript does not accurately reflect the question that was asked." This conclusion was based on the court's belief that an attorney of Appellant's Trial Counsel's stature would not allow such a statement to be made without objection or without taking some other corrective measure during the course of the trial – i.e., asking for a mistrial, seeking an order correcting the record. Moreover, the district court relied upon testimony from the court reporter that she could have entered the number incorrectly. However, because it was not possible to ascertain the exact words used in the question, the district court concluded that the transcript could not be amended.

Appellant now contends that pursuant to Fed. R. App. P. 10(e), the district court's conclusion is not adequate to serve as the certified correction of a purported misstatement in the trial transcript. Rule 10(e)(2) states that a material misstatement in the trial record "may be corrected and a supplemental record may be certified and forwarded… by the district court." Appellate courts will "of course give great deference to the district court's view and must accept the [district] court's

reconstruction of the record under Federal Rule of Appellate Procedure 10[e] unless it was intentionally falsified or plainly unreasonable." *United States v. Zichettello*, 208 F.3d 72, 93, (2nd Cir. 2000), *quoting*, *United States v. Keskey*, 863 F.2d 474, 478 (7th Cir.1988) (internal quotations omitted).  Appellant has not demonstrated that the district court falsified the record, nor that the district court's interpretation was plainly unreasonable.  The district court properly exercised its discretion in disregarding the testimony of Appellant's witnesses, each of whom possessed significant bias for Appellant.  Based on the court's knowledge of Appellant's Trial Counsel and the impartial testimony of the court reporter, the district court reached a reasoned and reasonable conclusion.  Accordingly, we find that the district court did not abuse its discretion in its treatment of the record.

D.     *Apprendi* and Due Process Issues

The jury found Appellant guilty on all three indicted counts. Appellant challenges the jury's verdicts on the grounds that the district court violated his due process rights as interpreted by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) by failing to instruct the jury that (a) the amount of narcotics and (b) Appellant's prior drug

conviction were elements of the indicted crimes that must be proven beyond a reasonable doubt.

### 1. *Failure to Instruct on the Amount of Drugs Possessed*

The Court rejects Appellant's arguments. In *Apprendi*, 120 S.Ct. at 2362-63, the Supreme Court stated that the Constitution requires any fact other than a prior conviction that increases the penalty for a crime *beyond the prescribed statutory maximum* be submitted to a jury and proved beyond a reasonable doubt. (emphasis added). This Circuit has had the opportunity to interpret the Supreme Court's decision and has held that *Apprendi* does not apply when a specific factual finding "only narrows the sentencing judge's discretion within the range already authorized by the offense of conviction." *United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000). *See also*, *United States v. Robinson*, 241 F.3d 115, 121 (1st Cir. 2001) ("[S]entence-enhancing facts may may be found by the judge under a preponderance-of-the-evidence standard as long as those facts do not result in a sentence that exceeds the original statutory maximum."). Franklin was charged with three violations of 42 U.S.C. §841(a)(1) for possession with the intent to distribute cocaine base, powder cocaine, and heroin. Without considering his prior drug conviction, the maximum sentence that Franklin faced on

each count was 20 years regardless of drug quantity. *See* 42 U.S.C. §841(a)(1)(C). Since Franklin was sentenced to twenty years concurrent on each count, his sentence was within the statutory maximum and there was no *Apprendi* violation. *See Aguayo-Delgado*, 220 F.3d at 933-34. When Franklin's prior drug conviction is considered, the statutory maximum sentence on each count would have been 30 years, *see* §841(a)(1)(C), and a prior drug conviction need not be proven to the jury beyond a reasonable doubt. *See Apprendi*, 120 S.Ct. at 2362-63; *United States v. Rush*, 240 F.3d 729, 731 (8th Cir. 2001).

E.      Alleged Error in Sentencing Appellant to 20 Years on Count II and Count III of the Indictment

Appellant argues the district court erred in sentencing him to prison terms of 20 years under Count II and Count III of the indictment based on the court's belief that Appellant's prior drug conviction negated any discretion to impose a shorter sentence. Because Appellant is challenging the existence of discretion with respect to sentencing, the Court reviews Appellant's challenge *de novo*. *See United States v. Whitetail*, 956 F.2d 857, 864 (8th Cir. 1992).

Appellant's argument is based upon a strained interpretation of the district court's comment, "if the Court were not so constrained to do so, I am not sure you would be looking at a sentence of this length." Irrespective of any sentencing discretion permitted on Count II and Count III, the presence of a prior conviction mandated the district court to sentence Appellant to 20 years for Count I. Nothing in the district court's remark suggests the district court believed its discretion to be limited, nor does the fact that the district court imposed sentences of 20 years on each count indicate an erroneous belief that the court was without discretion on Count II and Count III. Accordingly, we find that the district court did not abuse its discretion by sentencing Appellant to 20 years on each count for which he was judged guilty.

F.    The Presence of a Prior Final Conviction

Appellant argues the district court erred in imposing an enhanced sentence based upon a prior conviction because his prior conviction resulted in a suspended sentence and, under Missouri law, a suspended imposition of sentence is not a final judgment. Appellant is challenging the district court's statutory interpretation and, as such, we review the

district court's ruling de novo. *See United States v. Hensley*, 36 F.3d 39, 41 (8th Cir. 1994).

Although the Court recognizes that Missouri has chosen not to treat suspended sentences as final judgments, Missouri law does not control the question of what constitutes a "conviction" for purposes of 21 U.S.C. §841. This Circuit has previously stated that "Congress has not… specified whether state or federal law should be applied to define the term 'conviction'… [and] 'in the absence of clear language to the contrary, federal law governs the application of federal legislation.'" *United States v. Ortega*, 150 F.3d 937, 948 (8th Cir. 1998), *citing*, *United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir.1997). *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 119, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) (noting that absent a plain indication to the contrary, we assume "when Congress enacts a statute that it does not intend to make its application dependent on state law.") (internal quotations omitted) (superseded by statute on other grounds). In *Ortega*, 150 F.3d, at 948, we adopted the conclusions drawn by several of our sister circuits that "deferred adjudications or probated sentences constitute convictions in the context of §841." *See Cisneros*, 112 F.3d at 1281; *accord*, *United States v. Mejias*, 47 F.3d 401, 403-04 (11th Cir. 1995); *United States v.*

*Meraz*, 998 F.2d 182, 184-85 (3d Cir. 1993); *United States v. Campbell*, 980 F.2d 245, 250-51 (4th Cir. 1992), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993); *United States v. McAllister*, 29 F.3d 1180, 1184-85 (7th Cir. 1994).

Appellant invites the Court to reconsider the rule set forth in *Ortega.* It is well established, however, that one panel of this Court may not overrule another and so we must decline Appellant's invitation to reconsider our prior decision. *See, e.g., United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another").

## III. CONCLUSION

For the reasons stated above Appellant's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT