# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2381

_____

United States of America,          *
                                             *

          Plaintiff-Appellee,     *

                                             *   Appeal from the United States

        v.                      *   District Court for the

                                             *   Eastern District of Missouri.

John William Halk,           *

                                             *

          Defendant-Appellant.   *

_____

Submitted: January 14, 2011
Filed: March 11, 2011

_____

Before MURPHY, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

John Halk was convicted by a jury of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Halk to fifty-one months' imprisonment. Halk appeals his conviction, arguing the district court abused its discretion in admitting certain evidence and in preventing Halk from offering certain other evidence. We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

## I.

A grand jury returned a one-count indictment charging Halk with being a felon in possession of a firearm "[o]n or about July 29, 2008." At trial, Halk stipulated to his felon status. The government's main witnesses were St. Louis police officers Charles Johnson and Mark McMurry. According to the testimony of these two officers, about a week prior to July 29, 2008, Detective Johnson received a tip that drugs were being sold from the front porch area of 4829/4827 St. Louis Avenue. The neighborhood around this address was known to police as a high-crime area. At around 7:00 p.m. on July 29, 2008, Detectives Johnson and McMurry proceeded together with a third officer to 4829/4827 St. Louis Avenue to investigate the tip.

All three officers were in an unmarked police car and were dressed in plain clothes; however, over their clothes, each wore a black vest bearing the word "police" in large letters across the front and back. As they pulled up, there were four men sitting on the front porch at 4829/4827 St. Louis Avenue. These four men were later identified to be Halk, George Robbins, Sr., George Robbins, Jr., and Brian McAfee. As the police officers exited the car, Halk stood up with his right hand underneath his shirt, walked up the steps and went into the house. Upon seeing Halk heading toward the front door, McMurry ran around the house to the rear entrance.

As Halk proceeded across the porch toward the front door of 4827 St. Louis Avenue, Johnson observed him pull a gun from underneath his shirt. As Halk entered the front door, Johnson saw him toss the gun to his right side. Johnson followed Halk into the building and observed a gun on the floor off to the right just inside the door. He seized the gun and made it safe by removing the ammunition. Halk attempted to exit through the rear door, but upon meeting McMurry there, he turned back. Johnson then arrested him.

At trial, the government sought to introduce evidence of Halk's prior firearms offenses. An inquiry into Halk's criminal record revealed that on May 12, 1989, he pleaded guilty to murder in the second degree and armed criminal action and was sentenced to fifteen years' imprisonment. He was released on parole on April 23, 1999. On February 7, 2000, he was arrested for unlawful use of a weapon after a police officer observed him holding a shotgun. No charges resulted, but Halk's parole was revoked. He was finally released from prison on August 6, 2002.

The district court held a pre-trial hearing which addressed Halk's motion in limine regarding the admissibility of his 1989 conviction for armed criminal action and 2000 arrest for unlawful use of a weapon. The government argued that this evidence was admissible to show intent and knowledge under Federal Rule of Evidence 404(b). Defense counsel argued that the prior firearms offenses were too remote in time, unfairly prejudicial, and not relevant. The district court held that the evidence was admissible to show intent and knowledge, but disallowed any mention of the word "murder" as unfairly prejudicial.

At trial, the district court gave the jury a limiting instruction, cautioning them that they could only consider Halk's previous firearms offenses to help them decide motive, intent, knowledge, or absence of mistake or accident. Immediately thereafter, the government read the following to the jury:

> It shall be taken as proven that on May 12th, 1989, the defendant was convicted of a felony offense of armed criminal action in that on or about the 19th day of July, 1988, the defendant committed a felony offense, by, with, and through the use, assistance, and aid of a deadly weapon, namely a firearm.

The government then called St. Louis police officer David Berryman, who testified regarding Halk's February 7, 2000, arrest for unlawful possession of a firearm.

-3-

Halk planned to call George Robbins, Sr. as a witness for the defense. Prior to trial, Robbins, Sr. had sent a letter to the district court stating that, "Mr. Halk didn't know about the gun, I'm standing up, I'm taking responsibility for it, he didn't know anything about it, and I hope this doesn't hurt me on the papers I'm on."[2] After consulting with a court-appointed attorney, however, Robbins, Sr. chose to exercise his Fifth Amendment right not to testify. Consequently, Halk sought to introduce the testimony of Thomas Hinton, an investigator for the Federal Defender, regarding statements that George Robbins, Sr. had made when Hinton interviewed him on October 9, 2009, and November 3, 2009. The district court allowed Halk to make an offer of proof, according to which Hinton would have testified that Robbins, Sr. told him that Halk got up to go to the bathroom just before the police officers arrived at 4829/4827 St. Louis Avenue, that Halk did not have a gun in his hands when he walked into the house, and that Robbins, Sr. later saw the gun Detective Johnson recovered from inside the house and recognized it as belonging to his son, George Robbins, Jr. Defense counsel argued that these statements were admissible under Rule 807 and also under Rule 804(b)(3) as statements against penal interest. The district court disagreed and ruled that Hinton's proffered testimony was inadmissible hearsay.

During the same side-bar conference, defense counsel informed the district court that he had also been planning to call Chris Brockemeyer, an investigator for a local defense attorney, to testify as to out-of-court statements made by George Robbins, Jr., who was by then deceased. Defense counsel indicated that Brockemeyer would have testified that Robbins, Jr. told him the gun found by Detective Johnson belonged to his father, Robbins, Sr. Defense counsel argued that the statements were admissible under Rule 807. The district court ruled that this testimony, also, was inadmissible hearsay, and Brockemeyer was not called to testify.

---

[2]The district court interpreted this to mean that Robbins, Sr. was serving probation for a felony offense.

-4-

## II.

A.  Rule 404(b) evidence

Rule 404(b) of the Federal Rules of Evidence prohibits the use of evidence of a defendant's other crimes, wrongs, or bad acts to prove the character of a person in order to show action in conformity therewith.  Fed. R. Evid. 404(b);  United States v. Trogdon, 575 F.3d 762, 766 (8th Cir. 2009).  But the rule permits the admission of such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identify or absence of mistake or accident."  Fed. R. Evid. 404(b); United States v. Oaks, 606 F.3d 530, 538 (8th Cir. 2010).  To be admissible, other crimes evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and close in time to the crime charged, (3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect.  Oaks, 606 F.3d at 539.  "We review a district court's decision to admit such evidence for an abuse of discretion, and will reverse only when the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts."  United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006) (internal quotation marks omitted).

Here, the government offered the 1989 conviction for armed criminal action because Halk committed the crime while carrying a firearm.  Likewise, the government offered the 2000 arrest for unlawful use of a weapon because Halk was arrested for carrying a shotgun. According to the government, this evidence was relevant to prove Halk's knowledge and intent.  Halk contends that his prior firearms offenses were not relevant to prove knowledge and that intent was not at issue at trial. Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1), and Halk "placed his knowledge of the firearm's presence at the scene on his person at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt."  Oaks, 606 F.3d at 539; see also Walker, 470 F.3d at

-5-

1274. "Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." Walker, 470 F.3d at 1274. Halk's prior firearms offenses address the material issue of his knowledge of the presence of the firearm and his intent to possess it. See id. (holding the defendant's prior conviction for armed robbery "addresse[d] the material issue of his knowledge of the presence of the firearm and his intent to possess it").

Next, Halk contends that the district court abused its discretion by allowing evidence of the 1989 conviction because it was not close in time to the instant offense. "To determine if evidence is too remote, the court applies a reasonableness standard and examines the facts and circumstances of each case." United States v. Strong, 415 F.3d 902, 905 (8th Cir. 2005) (internal quotation marks omitted). "[T]here is no fixed period within which the prior acts must have occurred." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996). We have generally been reluctant to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged. Strong, 415 F.3d at 905. Nevertheless, our reluctance does not constitute a definitive rule, id. at 905–06, and we have approved the admission of prior firearm convictions under Rule 404(b) where more time separated the prior offense and the charged offense. See Walker, 470 F.3d at 1275 (eighteen years); Strong, 415 F.3d at 906 (sixteen years).

Although approximately nineteen years elapsed between Halk's armed criminal action offense in 1988 and the instant offense conduct in July 2008, it is "an important circumstance" that Halk was incarcerated from May 12, 1989 through April 23, 1999, and again from March 21, 2000 through August 6, 2002. Walker, 470 F.3d at 1275 (internal quotation marks omitted). In Walker, we affirmed the district court's finding that the defendant's prior conviction for armed robbery was admissible under Rule 404(b) even though approximately 18 years had elapsed between the robbery offense and the defendant's arrest for being a felon in possession of a firearm. 470 F.3d at 1275. We reasoned that because the defendant had been incarcerated for a ten-year

period between offenses and had been out of prison for only eight years before committing the instant offense, "the total number of years separating the prior offense and the charged offense did not significantly diminish the probativeness of the evidence." Id. (internal quotation marks omitted). Similarly, here, Halk had been out of prison for less than a year before he was arrested for unlawful use of a weapon and returned to prison. And it was only six years after his second release from prison that he committed the instant offense. Certainly, these facts may be near the outer limits of Rule 404(b) admissibility. Nevertheless, we conclude that Halk's 1989 conviction is not so remote in time as to render the district court's decision an abuse of discretion. See id.

Finally, Halk contends that even if the evidence of his prior firearms offenses is admissible under Rule 404(b), the district court erred in failing to exclude it under Rule 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. We assign great weight to the district court's balancing of evidentiary prejudice against its probative value:

> [A]lthough admitting evidence of prior criminal conduct has some prejudicial effect on the defendant, whether this effect substantially outweighs the evidence's probative value is left to the discretion of the trial court. Because the trial court must balance the amount of prejudice against the probative value of the evidence, this Circuit will normally defer to that court's judgment.

United States v. Franklin, 250 F.3d 653, 659 (8th Cir. 2001) (internal citation omitted).

Further, the district court minimized the risk of unfair prejudice by disallowing any mention of the word "murder" and restricting the government's description of the 1989 conviction to a statement that "the defendant committed a felony offense, by,

with, and through the use, assistance, and aid of a deadly weapon, namely a firearm."
In addition, the district court provided a limiting instruction immediately before the
government introduced evidence of Halk's prior firearms offenses.  "[T]he presence
of a limiting instruction diminishes the danger of any unfair prejudice arising from the
admission of other acts."  Franklin, 250 F.3d at 659.  Thus, "this Court has been
reluctant to find that the evidence was unfairly prejudicial when the district court gave
an appropriate limiting instruction."  United States v. Kent, 531 F.3d 642, 651 (8th
Cir. 2008) (internal quotation marks omitted).  We therefore reject Halk's arguments
and conclude the district court did not abuse its discretion in admitting evidence of
Halk's prior firearms offenses.

B.  Hearsay evidence

Halk argues that the district court erred in excluding the testimony of
investigator Thomas Hinton as to the out-of-court statements of George Robbins, Sr.
and the testimony of investigator Chris Brockemeyer as to the out-of-court statements
of George Robbins, Jr.  "We review a district court's evidentiary rulings for clear
abuse of discretion, reversing only when an improper evidentiary ruling affected the
defendant's substantial rights or had more than a slight influence on the verdict."
United States v. Shields, 497 F.3d 789, 792 (8th Cir. 2007).

Halk contends that the proffered testimony was admissible under Federal Rule
of Evidence 807, known as the "residual exception" to the hearsay rule.  A statement
having circumstantial guarantees of trustworthiness can be admitted under Rule 807
if the court determines that it meets the other requirements of Rule 807, including
materiality, probative value, the interests of justice, and notice.  See United States v.
Cree, 778 F.2d 474, 477 (8th Cir. 1985).  The question in this case is whether the
out-of-court statements made by Robbins, Sr. and Robbins, Jr. "carried . . .
guarantee[s] of trustworthiness equivalent to or superior to that which underlies the

other recognized exceptions." See United States v. Renville, 779 F.2d 430, 439 (8th Cir. 1985). We agree with the district court that they did not.

"[T]rustworthiness is analyzed under a broad totality of the circumstances test." Shields, 497 F.3d at 794. Halk argues that the proffered statements are trustworthy because Hinton and Brockemeyer were trained investigators with years of experience interviewing potential witnesses. Halk seeks to rely on United States v. Thunder Horse, 370 F.3d 745 (8th Cir. 2004), to support the proposition that the reliability of the investigator is relevant to the trustworthiness of the statement. But the trustworthiness and reliability of an out-of-court statement is assessed "'in light of the circumstances at the time of the declaration and the credibility of *the declarant*.'" Thunder Horse, 370 F.3d at 748 (quoting United States v. Dorian, 803 F.2d 1439, 1444 (8th Cir. 1986)) (emphasis added). Thunder Horse dealt with the admissibility of a sexually abused child's hearsay statements under the residual exception. In that specific context, where suggestiveness and pressure exerted by the interviewer is often a concern, we recognized that "the training and experience of the interviewer" is a relevant circumstance bearing upon the reliability of the declaration. In the instant case, however, both declarants were adults at the time their statements were made. The training and experience of the investigators therefore has little bearing on the trustworthiness of the declarants' statements.

Halk also contends that the proffered statements are trustworthy because the declarants were interviewed multiple times and their statements remained "basically similar." There is no evidence in the record to support this assertion with respect to the statements made by Robbins, Jr. As to Robbins, Sr.'s statements, they are directly contradictory: according to Hinton's proffered testimony, Robbins, Sr. stated that the gun belonged to his son, but in his letter to the district court, Robbins, Sr. indicated that the gun was his. In addition, other circumstances at the time of the declarations diminish their credibility. All of the proffered statements were made over a year after Halk's arrest and during interviews conducted by defense investigators in anticipation

of litigation. Moreover, Rule 807 is applicable only in exceptional circumstances not present here. See United States v. Dierling, 131 F.3d 722, 733 (8th Cir. 1997); Dorian, 803 F.2d at 1443–44 (noting that "Congress intended the residual hearsay exception to be used very rarely and only in exceptional circumstances" (internal quotation marks omitted)).

Next, Halk argues that Robbins, Sr.'s statements to Hinton were admissible under Rule 804(b)(3) as statements against penal interest. For a statement to qualify under the Rule 804(b)(3) hearsay exception, the declarant must be unavailable, the statement must so far tend to subject the declarant to criminal liability that a reasonable person would not have made the statement unless he or she believed it to be true, and corroborating circumstances must clearly indicate the trustworthiness of the statement. See United States v. Bobo, 994 F.2d 524, 528 (8th Cir. 1993). Concluding that Robbins, Sr.'s statements fail to satisfy the second and third elements of this test, we reject Halk's claim of error. Hinton's proffered testimony was that Robbins, Sr. said the gun belonged to his son, Robbins, Jr.—a statement that was not against Robbins, Sr.'s penal interests. Additionally, although the statements Robbins, Sr. made in his letter to the court were arguably against his penal interests, those statements are not at issue because Halk never sought to introduce the letter into evidence as an exhibit.

Further, even if Robbins, Sr.'s statements could be construed as against penal interest, the district court correctly concluded there were not sufficient corroborating circumstances to indicate trustworthiness. In United States v. Rasmussen, 790 F.2d 55 (8th Cir. 1986), we listed five factors that aid in determining the trustworthiness of a hearsay statement against the declarant's penal interest:

> (1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, (2) the general character of the speaker, (3) whether other people heard the out-of-court statement, (4) whether the

statement was made spontaneously, (5) the timing of the declaration and the relationship between the speaker and the witness.

790 F.2d at 56. The record does not furnish any evidence regarding the first two factors. As to the other three: no one besides Hinton heard Robbins, Sr.'s statements; Robbins, Sr. made at least two contradictory statements concerning ownership of the gun; and the statement at issue not only was not spontaneous, but was made over a year after Halk's arrest and during an interview conducted in anticipation of his trial. The trial court did not abuse its discretion in excluding Robbins, Sr.'s hearsay statement.

## III.

Accordingly, we affirm the decision of the district court.

HANSEN, Circuit Judge, concurring.

I concur in all of the court's opinion and its judgment except for the certainty of its observation that the facts of this case may be near the outer limits of Rule 404(b) admissibility. Given that the appellant was incarcerated for over 12 years of the 19-year lapse between the first and last events and that he committed the instant offense within six years of his release from prison, I conclude that this case falls comfortably within the time frames in our previous cases where we found no abuse of discretion.

_____