**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Cruz RODRIGUEZ, Defendant–Appellant.**

**No. 14–3763.**

United States Court of Appeals, Eighth Circuit.

Submitted: Jan. 11, 2016.

Filed: Feb. 29, 2016.

---

1. The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

Anne E. Gardner, Benecia Betton Moore, U.S. Attorney's Office, Little Rock, AR, for Defendant–Appellant.

William Owen James, Jr., Little Rock, AR, for Defendant–Appellant.

Cruz Rodriguez, Mason, TN, pro se.

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

**PER CURIAM.**

A jury found Cruz Rodriguez guilty of conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On appeal, Rodriguez challenges the district court's[1] decision to admit certain evidence under Rule 404(b) of the Federal Rules of Evidence. We affirm.

Carlos Quintana–Rincones was stopped for a traffic violation on January 26, 2014. He consented to a search of the vehicle he was driving, and law enforcement officers found thirteen pounds of liquid methamphetamine contained within the windshield washer reservoir. Quintana–Rincones thereafter agreed to cooperate with law enforcement officers by completing a controlled delivery of the liquid methamphetamine to Rodriguez, whom he met at a gas station and followed to a trailer.[2] After Rodriguez paid Quintana–Rincones $600 in cash, law enforcement officers arrested Rodriguez, Quintana–Rincones, and Zacarias Reynoso Lopez, who had been sitting in the driver's seat of Rodriguez's vehicle.

---

2. The original windshield washer reservoir was replaced with another that was filled with cooking oil, which resembles liquid methamphetamine.

Rodriguez pleaded not guilty to the charge of conspiracy to possess with intent to distribute methamphetamine. The district court granted the government's *in limine* motion to admit evidence that Rodriguez previously was investigated for drug trafficking, and the case proceeded to trial. Rodriguez denied any involvement in the conspiracy, arguing that he was merely present when another person accepted the delivery from Quintana–Rincones.

Investigator Conlee Busselle of the Central Arkansas Drug Task Force testified regarding Rodriguez's earlier involvement in drug trafficking. Before Busselle testified, the district court issued a limiting instruction to the jury, explaining that the jury could consider the evidence of Rodriguez's prior acts only to decide whether he "had knowledge and intent to participate in the methamphetamine distribution conspiracy charged in the indictment or whether his presence at the gas station and the trailer was not a mistake." The district court further instructed the jury that the evidence of Rodriguez's prior acts was not evidence that he had committed a similar act in this case.

According to Busselle, the task force began investigating Rodriguez and his son, German Cruz Rodriguez (German Rodriguez), in late 2011. Busselle testified that a confidential informant met Rodriguez and German Rodriguez to discuss methamphetamine distribution and that law enforcement officers later intercepted packages containing $30,000 in cash that were sent by German Rodriguez to addresses in California. Busselle also testified regarding a search warrant that was executed in January 2012 at the residence believed to be occupied by Rodriguez and his son. Rodriguez was found in a bedroom, engaged in the process of destroying two cell phones. The searching officers found more than $12,000 in cash, a .22 caliber firearm, ledgers, packaging materials, and carbon copies of shipping labels from the packages that German Rodriguez had tried to send to California. Busselle testified that no drugs were found at the residence and that Rodriguez was not charged with any crimes at the conclusion of the task force's investigation.

The district court gave the limiting instruction again before it submitted the case to the jury. Rodriguez was found guilty and sentenced to 130 months' imprisonment.

Rodriguez argues that the district court abused its discretion by admitting the evidence of the drug task force's investigation. *See United States v. Halk*, 634 F.3d 482, 487 (8th Cir.2011) (standard of review). Federal Rule of Evidence 404(b) prohibits the use of evidence of a crime, wrong, or act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with" that character. It permits the use of such evidence, however, for other purposes, such as proving intent, knowledge, or absence of mistake. Evidence of prior acts is admissible when it "(1) is relevant to a material issue, (2) is similar in kind and close in time to the crime charged, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs [its] probative value." *United States v. Ali*, 616 F.3d 745, 752–53 (8th Cir.2010).

Rodriguez first argues that the government failed to prove by a preponderance of the evidence that he previously was involved in drug trafficking. "[E]vidence of prior bad acts 'should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the [prior acts].'" *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir.1989) (quoting *Huddleston v. United States*, 485 U.S. 681,

685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Busselle's testimony established that Rodriguez and his son had met with a confidential informant to discuss the distribution of methamphetamine, that German Rodriguez had mailed large sums of cash, that Rodriguez was found destroying evidence while a search warrant was being executed, and that the search revealed evidence of drug trafficking. Although Rodriguez argues that there was no evidence that he had personally discussed, possessed, or distributed drugs or large sums of money, Busselle's testimony nonetheless was sufficient to establish that Rodriguez was involved in drug trafficking.

Rodriguez also argues that the prejudicial effect of the prior act evidence substantially outweighed its probative value. Rodriguez denied any involvement in the drug-trafficking conspiracy charged in this case, thereby placing his knowledge and intent at issue. *See United States v. Thomas*, 58 F.3d 1318, 1321 (8th Cir.1995) (stating that Rule 404(b) evidence is admissible when a defendant places his state of mind at issue by means of a general-denial defense). The evidence of Rodriguez's earlier involvement in drug trafficking served to rebut his general-denial defense by showing that he had knowledge of methamphetamine distribution and the tools commonly used in drug trafficking and that he intended to join the later conspiracy to distribute methamphetamine. Furthermore, any prejudicial effect of admitting the evidence of prior drug trafficking was reduced by the district court's limiting instruction that the jury could consider the prior acts only as evidence of Rodriguez's intent, knowledge, and absence of mistake. *See Halk*, 634 F.3d at 488 ("[T]he presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts.") (quoting *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir.

2001)). We conclude that any prejudicial effect of the evidence of the prior investigation did not substantially outweigh its probative value, and thus the district court did not abuse its discretion in admitting it.

The judgment is affirmed.