# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3273
_____

United States of America

*Plaintiff - Appellee*

v.

William Andrews

*Defendant – Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: June 28, 2019
Filed: July 3, 2019
[Unpublished]

_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

A jury convicted William Andrews of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). In an *Anders* brief, Andrews's counsel requests

permission to withdraw and questions the district court's[1] decision to admit evidence that Andrews had previously been convicted of a felony involving a firearm. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude that the district court did not abuse its discretion in admitting this evidence. *See United States v. Rembert*, 851 F.3d 836, 839 (8th Cir. 2017) (explaining that a court's admission of prior-bad-act evidence under Federal Rule of Evidence 404(b) will be reversed "only when such evidence clearly ha[d] no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts" (citation omitted)). Evidence that Andrews had previously possessed a gun was relevant to show that he knowingly possessed the gun recovered in this case. *See United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011). And the court's limiting instruction to the jury helped "diminish[] the danger of any unfair prejudice arising from [its] admission." *Id.* at 488 (citation omitted).

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75 (1988). Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.