# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2664

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Alfredo Elias Uribe, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 9, 2004

Filed:  February 17, 2004

_____

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

On August 15, 2002, police responded to a report of gun shots fired during a domestic dispute and were told Alfredo Elias Uribe had shot at his wife, Prairie, in her friend's home. Police examined the scene of the shooting, saw gun-fire damage, and found the gun used to fire the shots. Within hours of the shooting, Prairie told police what had happened. Four days later, on August 19, Prairie told police for the first time that she found the gun at her house after a pow wow, she put the gun in her closet, she removed the gun from her house on the day of the shooting, she took the gun over to her friend's house, and the gun went off when she took it out of her purse to scare Uribe. Based on Prairie's earlier statement, the statements of other witnesses,

and other evidence, the Government charged Uribe with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Before trial, Prairie appeared before a federal grand jury. During her testimony, Prairie stated she did not have a gun on the night of the shooting, the story she told police on August 19 was not the truth, and she told the story to police because Uribe is her husband and she did not want him to go to jail. The defense sought to question the officer who took Prairie's August 19 statement at trial, but the district court[*] denied the request because Prairie was available as a witness. At trial, Prairie's testimony was consistent with her grand jury testimony and contrary to her August 19 statement. Prairie testified she did not bring the gun to her friend's house or fire a gun on August 15. Uribe impeached Prairie with her August 19 statement, and Prairie testified the statement was not the truth. At the close of the evidence but before jury instructions, Uribe asked for an instruction that the jury could consider the August 19 statement as substantive evidence. The district court denied the request, finding the August 19 statement was not admissible under the "statement against interest" hearsay exception, Fed. R. Evid. 804(b)(3).

On appeal, Uribe contends the district court should have admitted Prairie's August 19 statement as substantive evidence under Rule 804(b)(3). To admit a statement offered to exculpate a defendant under Rule 804(b)(3), the statement's proponent must show (1) the declarant is unavailable as a witness, (2) the statement tends to subject the declarant to criminal liability so that no reasonable person in the declarant's position would make the statement unless the declarant believed it was true, and (3) corroborating circumstances clearly indicate the statement is trustworthy. United States v. Mendoza, 85 F.3d 1347, 1351 (8th Cir. 1996).

---

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We conclude the district court did not abuse its discretion in refusing to admit the evidence because at least two of the Rule's requirements were not satisfied. First, Prairie was available as a witness. Indeed, the defense called her to testify and she explained what had happened on the night of the shooting. Although she testified she could not recall what she told police on August 19, Prairie remembered what happened on August 15 and thus was not "unavailable" under Fed. R. Evid. 804(a)(3) (unavailability includes situations in which declarant "testifies to a lack of memory of the subject matter of the declarant's statement"). Second, surrounding circumstances did not corroborate the trustworthiness of Prairie's August 19 statement. On the contrary, the August 19 statement was untrustworthy in light of Prairie's August 15 statement, grand jury testimony, trial testimony, close personal relationship to Uribe, and the evidence presented at trial. See United States v. Rasmussen, 790 F.2d 55, 56 (8th Cir. 1986).

We thus affirm Uribe's conviction.

_____