# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-3534

_____

United States of America,

        Appellee,

    v.

John Hughes,

        Appellant.

      Appeal from the United States
District Court for the
District of South Dakota.

_____

Submitted: June 12, 2008
Filed: July 29, 2008

_____

Before SMITH and GRUENDER, Circuit Judges, and ROSENBAUM,[1] District Judge.

_____

GRUENDER, Circuit Judge.

After a jury trial, John Hughes was convicted of five counts of purchasing furs in South Dakota without a non-resident fur dealer's license, in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B). Hughes appeals his conviction,

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

arguing that the district court[2] erroneously concluded that the hearsay evidence he sought to introduce was not admissible under the statement against interest or the residual exceptions to the hearsay rule.  We affirm.

Hughes is a Montana resident and fur dealer.  He held a South Dakota license to purchase furs from July 1, 2002, until June 30, 2003, when it expired.  He testified that he submitted an application to renew the license around January 10, 2004, but a South Dakota official testified that she received his application in November 2003.  On January 19 and 20, 2004, Hughes traveled to South Dakota and purchased furs, assuming that he would receive a license.  He testified that he received a license rejection notice in late January 2004, after he returned from South Dakota.  Hughes then called a fur trapper, Rodney Wheaton, who had previously sold furs to Hughes.  Wheaton spoke with Hughes regularly, generally about business matters, and Wheaton said that they were friends.  Hughes told Wheaton that he did not know his application had been rejected until after his fur-buying trip to South Dakota.

During trial, Hughes testified on his own behalf.  He claimed that he did not know that his license application had been rejected until after he purchased the furs in South Dakota on January 19 and 20.  Hughes then sought to have Wheaton testify about Hughes's prior statement to him that Hughes received the license rejection notice after he returned from purchasing furs in South Dakota.  The district court excluded it as hearsay.  "We review the district court's evidentiary determinations for an abuse of discretion."  *United States v. Ingram*, 501 F.3d 963, 967 (8th Cir. 2007), *petition for cert. filed*, --- U.S.L.W. --- (No. 07-8093) (Dec. 5, 2007).

Hughes first claims that his statement to Wheaton is admissible as a statement against interest under Federal Rule of Evidence 804(b)(3).  This exception only

_____

[2]The Honorable Karen E. Schreier, Chief Judge, United Stated District Court for the District of South Dakota.

applies "if the declarant is unavailable as a witness." Fed. R. Evid. 804(b). Hughes was available to and did, in fact, testify on his own behalf. Therefore, his prior out-of-court statement to Wheaton is not admissible under the statement against interest exception to the hearsay rule. *See* Fed. R. Evid. 804(b)(3); *United States v. Uribe*, 88 Fed. Appx. 963, 964–65 (8th Cir. 2004) (unpublished per curiam) (finding that a witness called to testify is "available" for purposes of Rule 804).

Hughes contends that enforcing the unavailability requirement of the exception would force him "to deny himself his right to testify in order to make himself 'unavailable.'" Appellant Br. at 16. Even had Hughes chosen not to testify, however, "[w]hen the defendant invokes his Fifth Amendment privilege, he has made himself unavailable to any other party, but he is not unavailable to himself." *United States v. Peterson*, 100 F.3d 7, 13 (2d Cir. 1996); *see United States v. Kimball*, 15 F.3d 54, 55–56 (5th Cir. 1994) (concluding that a defendant "may not create the condition of unavailability and then benefit therefrom") (citing Fed. R. Evid. 804(a)).

Hughes next claims that his prior out-of-court statement to Wheaton should have been admitted pursuant to the residual exception to the hearsay rule under Federal Rule of Evidence 807. "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances." *Ingram*, 501 F.3d at 967 (quotation omitted). The statement must have "circumstantial guarantees of trustworthiness," and we examine the "reliability of and necessity for the statement." *United States v. Carlson*, 547 F.2d 1346, 1354 (8th Cir. 1976) (quotation omitted). We agree with the district court that Hughes's statement to his friend Wheaton lacked any indicia of reliability. *See Sweet v. Delo*, 125 F.3d 1144, 1158 (8th Cir. 1997) ("[A] denial of guilt made by a criminal defendant to a friend contains no indicia whatsoever of reliability."). Furthermore, the excluded testimony was cumulative of Hughes's own testimony and added little to the claim that Hughes did not receive the license rejection notice until after he returned from South Dakota. *See United States v. Gaines*, 969 F.2d 692, 697 (8th Cir. 1992). The district court did not abuse its

discretion in concluding that Wheaton's proposed testimony about Hughes's out-of-court statement to him was not admissible pursuant to the residual exception.

Hughes also makes a general argument that the exclusion of Wheaton's testimony violated his due process rights, relying on *Chambers v. Mississippi*, 410 U.S. 284 (1973). Reviewing his argument for plain error, *see United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc), we find no error. Unlike the witness in *Chambers*, Hughes, the declarant, was available and ultimately did testify, and the exclusion of Wheaton's testimony did not affect Hughes's due process rights.

Therefore, we affirm Hughes's conviction.

_____