# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1395
_____

United States of America

*Plaintiff - Appellee*

v.

Dean Allen McBaine

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 11, 2021
Filed: June 7, 2021
[Published]
_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2019, a jury in the Eastern District of Missouri convicted Dean McBaine of possessing an unregistered destructive device. See 26 U.S.C. §§ 5861(d), 5871; see also 26 U.S.C. § 5845(a) (defining "firearm," as used in § 5861(d), to include "a destructive device"); id. § 5845(f) (defining "destructive device" to include "any

explosive, incendiary, or poison gas . . . bomb"). The district court[1] sentenced him to 60 months' imprisonment. McBaine appeals, and we affirm.

I.

In the early hours of September 2, 2018, law enforcement and firefighters responded to a call about an explosion at the home of McBaine's ex-wife, Kendra Miller,[2] and their 13-year-old son. An improvised explosive device had exploded under Miller's car, destroying it and damaging both her house and a neighbor's house. Miller and her son were inside their home sleeping at the time of the explosion.

Security cameras in the area captured video of the explosion and some of the events that preceded it. Footage from one camera showed a red hatchback car approaching the house before the explosion and then turning around to park nearby. Law enforcement later identified the car as belonging to the girlfriend of McBaine's half-brother, Michael Bushman, a co-defendant in this case. Another security camera captured video of a white man lighting an object, throwing it under Miller's car, and then leaving the scene. Miller viewed the video and identified the man as McBaine. Bushman later told law enforcement that he drove McBaine to Miller's house the night of the explosion, and that he and McBaine made the explosive device using sparklers, electrical tape, and lamp oil. Both McBaine and Bushman were subsequently charged with unlawful possession of a destructive device. See 26 U.S.C. §§ 5861(d), 5871. Bushman pleaded guilty, but McBaine took his case to trial.

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

[2]To protect the identity of McBaine's ex-wife, who is not a party to this case, we refer to her using the pseudonym Kendra Miller.

At trial, McBaine maintained that he could not have placed the explosive device under Miller's car because he was asleep on the couch of his friends, Josh and Whitney Distler, at the time of the explosion. Neither Josh nor Whitney Distler testified. During the government's rebuttal closing argument, the prosecutor referenced McBaine's alibi and said, in relevant part, "He's on Josh Distler's couch. Is Josh home? Is his wife, Whitney, home? He's made up a story and he's told his brother that."

Defense counsel objected, arguing that this statement "shift[ed] the burden" of proof to McBaine to establish his innocence. The district court did not expressly rule on the objection but stated, "All right. Move on." The jury returned a guilty verdict. McBaine then filed a motion for a new trial based in part on the prosecutor's statements in closing argument. The district court denied the motion.

On appeal, McBaine asserts that the district court erred in denying his motion for a new trial. He argues that the rhetorical questions "Is Josh home?" and "Is his wife, Whitney, home?" implied to the jury that he should have called one or both of the Distlers as defense witnesses to prove his innocence. The district court's failure to sustain his objection to these remarks and to provide a curative instruction to the jury, he contends, provided grounds for a new trial.

II.

"The trial court has broad discretion in controlling closing arguments and without a clear showing of abuse, that discretion will not be overturned." United States v. Grauer, 701 F.3d 318, 323 (8th Cir. 2012) (cleaned up) (quoting United States v. Franklin, 250 F.3d 653, 660 (8th Cir. 2001)). To obtain a new trial on the basis of improper statements by the prosecutor during trial, McBaine "must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced [his] rights in obtaining a fair trial." United States v. Crumley, 528 F.3d 1053, 1064 (8th

Cir. 2008) (quoting United States v. King, 36 F.3d 728, 733 (8th Cir. 1994)). To determine whether the prosecutor's statements were prejudicial we consider: "(1) the cumulative effect of such conduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the court." United States v. Conrad, 320 F.3d 851, 855 (8th Cir. 2003) (quoting United States v. Hernandez, 779 F.2d 456, 460 (8th Cir. 1985)).

As an initial matter, it is far from clear that the prosecutor's remarks were improper. We have previously held that "[c]omments intended to highlight the weaknesses of a defendant's case do not shift the burden of proof . . . where the prosecutor does not argue that a failure to explain them adequately requires a guilty verdict and reiterates that the burden of proof is on the government." United States v. Bentley, 561 F.3d 803, 810 (8th Cir. 2009) (quoting United States v. Vaandering, 50 F.3d 696, 701–02 (9th Cir. 1995)). The prosecutor did not directly address McBaine's decision not to call the Distlers as witnesses, and his comments were made in the context of describing how and why Bushman initially took full responsibility for the explosion. Notably, the prosecutor did not tell the jurors that McBaine's failure to explain any gaps in his defense meant they must return a guilty verdict.

Even assuming the prosecutor's remarks were improper, however, we cannot say that they "prejudiced [McBaine's] rights in obtaining a fair trial." Crumley, 528 F.3d at 1064 (quoting King, 36 F.3d at 733). The comments were brief and limited to the prosecutor's closing argument. Cf. Conrad, 320 F.3d at 853, 857 (remanding case for a new trial on one count of possessing an unregistered firearm where the prosecutor, during opening and closing arguments as well as direct examination of a witness, repeatedly brought up the charging statute's purpose of facilitating gun control, an improper consideration at trial (citing United States v. Norton, 639 F.2d 427, 429 (8th Cir. 1981))). Further, at the outset of trial the district court instructed the jury that it must presume McBaine was "innocent, unless and until proved beyond a reasonable doubt," and that "the prosecution must prove beyond a reasonable doubt

-4-

[the elements of the charge] to make its case." Although the district court did not explicitly sustain McBaine's objection to the prosecutor's comments about the Distlers, it halted further discussion of the issue by saying, "All right. Move on." McBaine did not ask the court to instruct the jury to disregard the remarks, but after closing argument the district court reminded the jury of its responsibilities, including the obligation "not [to] consider punishment in any way in deciding whether the United States *has proved its case beyond a reasonable doubt*." (emphasis added). The district court's instructions made it clear to the jury which party had the burden of proof.

Finally, in evaluating whether the prosecutor's comments prejudiced McBaine's right to a fair trial, we also consider "the strength of the properly admitted evidence of [his] guilt." Id. at 855 (quoting Hernandez, 779 F.2d at 460). Bushman, McBaine's half-brother and co-defendant, testified that he and McBaine drove to Miller's neighborhood and built an improvised explosive device. Bushman told the jury that McBaine then got out of the car, lit the device, and threw it under Miller's car. The jury also saw video footage of the incident, and heard Miller identify McBaine as the person in the video. In addition, Miller explained to the jury that McBaine had both financial and personal motives to want to frighten her or disrupt her sense of safety. The government presented the jury with substantial evidence of McBaine's guilt.

The district court did not abuse its discretion with regard to the prosecutor's comments in closing argument or in denying the motion for a new trial. We affirm the conviction.

_____