# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2896
_____

United States of America

*Plaintiff - Appellee*

v.

Quennel A. Young

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 12, 2023
Filed: May 25, 2023

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Quennel A. Young was convicted for knowingly possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

The district court[1] denied his motion for judgment of acquittal. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Quennel A. Young was pulled over while driving a rental car in Jasper County, Missouri. He claimed to be traveling from Oklahoma (but provided a Kentucky driver's license). Officers searched the vehicle, finding a rental agreement and a backpack with six receipts. Two were for cash advances in Colorado totaling $8,500. One was from a retail clothing store in California ("WSS"). Another was from a gas station in California. The trunk had WSS bags with new clothing and dirty laundry. Searching the trunk, the officers noticed the lid liner was not fastened properly. Concealed between the lid liner and the sheet metal, the officers found two bundles of meth—one wrapped in a WSS sack. The officers found three more bundles of meth in the center console and a second cellphone (in addition to the one from Young's person). The phones had text messages about buying and selling meth, and photographs of Young with money, of someone holding money, and of the backpack with money.

After a bench trial, Young moved for a judgment of acquittal, which the district court denied. He appeals, alleging the evidence is insufficient to support his conviction because he did not know the meth was inside the rental car.

## II.

"This court reviews de novo the sufficiency of the evidence for a conviction." *United States v. Bailey*, 54 F.4th 1037, 1039 (8th Cir. 2022). Reviewing the sufficiency of the evidence after a bench trial, this court applies the same standard as when reviewing a jury verdict. *See United States v. Acosta*, 619 F.3d 956, 960

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

(8th Cir. 2010). "This court may reverse convictions based upon insufficiency of the evidence only upon a demonstration that a rational jury would have had no choice but reasonably to doubt the existence of an element of a charged crime." *Id.* *See United States v. Ganter*, 3 F.4th 1002, 1004 (8th Cir. 2021) (same). This court reviews sufficiency of the evidence "in the light most favorable to the verdict, upholding the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt." *United States v. DNRB, Inc.*, 895 F.3d 1063, 1066 (8th Cir. 2018). "A conviction may be based on circumstantial as well as direct evidence. The evidence need not exclude every reasonable hypothesis except guilt." *United States v. Seals*, 915 F.3d 1203, 1205 (8th Cir. 2019). "The government is given the benefit of reasonable inferences, so long as they are not conjecture and speculation." *United States v. Boesen*, 491 F.3d 852, 858 (8th Cir. 2007).

"To convict an individual of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), the government has the burden of proving beyond a reasonable doubt that [defendant] both knowingly possessed and intended to distribute the drugs." *United States v. Morales*, 813 F.3d 1058, 1065 (8th Cir. 2016). "Proof of actual or constructive possession of the contraband is sufficient to sustain a conviction under 21 U.S.C. § 841(a)(1)." *United States v. Wright*, 739 F.3d 1160, 1168 (8th Cir. 2014). "[T]o prove constructive possession, the government must establish some nexus between a defendant and the contraband; mere physical proximity to the contraband is insufficient." *United States v. Williams*, 39 F.4th 1034, 1045 (8th Cir. 2022). "Constructive possession is defined as knowledge of presence of the contraband plus control over the contraband. Evidence showing a person has dominion over the premises in which the contraband is concealed establishes constructive possession." *Wright*, 739 F.3d at 1168. "Knowledge can be inferred from the surrounding circumstances. For instance, a defendant's control and dominion over a vehicle can indicate knowledge of its contents." *United States v. Wilson*, 619 F.3d 787, 796 (8th Cir. 2010). "[I]ntent to distribute may be inferred from circumstantial evidence such as a large sum of cash, and a quantity of a controlled substance." *United States v. Johnson*, 977 F.2d 457, 458 (8th Cir. 1992).

Young argues that he did not knowingly possess the meth because it was concealed in the rental car before he rented it. But the evidence, viewed most favorably to the verdict, supports the conclusion that Young knowingly, constructively possessed the meth. He was the driver and sole occupant of the vehicle. *See **United States v. Valera-Ramirez***, 491 F.3d 775, 777 (8th Cir. 2007) ("The fact that [defendant] was the driver and an authorized operator of the vehicle in which the methamphetamine was found suffices to establish control over the drugs."); ***United States v. Flores***, 474 F.3d 1100, 1105 (8th Cir. 2007) ("[Defendant's] dominion over the vehicle alone could support a finding that he knowingly possessed the methamphetamine . . . ."). *But cf. **United States v. Aponte***, 619 F.3d 799, 804 (8th Cir. 2010) ("If a defendant did not own the vehicle, however, and especially where the defendant was in control of the vehicle for only a short time, then we have required *additional proof* showing that the defendant was aware of drugs concealed in the vehicle." (emphasis added)); ***United States v. Leon***, 924 F.3d 1021, 1024 (8th Cir. 2019) (same).

In this case, there is sufficient additional proof. *See **Valera-Ramirez***, 491 F.3d at 777 ("Moreover, the events in this case were consonant with the drug courier modus operandi . . . ."). Young rented a car, traveled across the country, took $8,500 in cash advances, had two cell phones and text messages about buying and selling meth, and transported five bundles of meth—about five pounds—in concealed compartments in a rental car (with one bundle wrapped in a sack from WSS where Young had recently shopped). The evidence, viewed most favorably to the verdict, sufficiently establishes that Young knowingly possessed and intended to distribute the meth.

Young speculates that the drugs were left in the vehicle by a previous renter. But this court has encountered and dismissed this argument before. *See **id.*** at n.2 ("In light of the aforementioned evidence and considering the low probability that an individual would rent a car, load it with valuable contraband, and then return it to the rental company, the jury could reasonably have rejected this hypothesis.").

As evidence of innocence, Young stresses his cooperation with the officers and his reaction of surprise when the meth was discovered. *See Hernandez-Mendoza*, 600 F.3d at 978. But this is unpersuasive because Young's conduct does not nullify evidence sufficient to support his conviction. *See United States v. Maurstad*, 35 F.4th 1139, 1144 (8th Cir. 2022) ("[Defendant's] cooperation with the officer has no bearing on whether he knew there was meth in the car—it's entirely possible that he was cooperative to avoid raising suspicion and being charged with the more serious meth offense. And, even if it did indicate honesty, there was other evidence sufficient to establish knowledge.").

Young relies on three cases, which are distinguishable. *See Aponte*, 619 F.3d 799; *United States v. Mendoza-Larios*, 416 F.3d 872 (8th Cir. 2005); *United States v. Pace*, 922 F.2d 451 (8th Cir. 1990). In *Aponte*, both the vehicle and the cooler with the drugs were owned by a third party, and "there was no evidence linking [the defendants] to previous drug use or to the hidden compartment containing drugs." *Aponte*, 619 F.3d at 806. In *Pace*, the drugs were hidden in the luggage of a passenger, who testified that "he didn't tell [defendant] what was in his luggage." *Pace*, 922 F.2d at 453. The defendant in *Mendoza-Larios* rode as a passenger in a vehicle owned by a third party, and no other evidence linked him to the drugs in a hidden compartment welded within the passenger airbag space. *See Mendoza-Larios*, 416 F.3d at 873, 876 ("*Pace* . . . ha[d] more evidence than this case.").

Unlike these cases, the government presented sufficient evidence linking Young to the concealed drugs. *Compare Aponte*, 619 F.3d at 806 (no evidence linking defendants to the drugs), *with United States v. Bustos-Flores*, 362 F.3d 1030, 1036 (8th Cir. 2004) (finding sufficient evidence where the "drugs were packaged with black electrical tape and silicone" and "[b]oth materials were found either in the passenger compartment of the car or in the trunk next to the defendant's luggage"). *See United States v. Hernandez-Mendoza*, 600 F.3d 971, 977 (8th Cir. 2010) (sufficient evidence, in part, where four cell phones were located in the vehicle because "the government presented testimony that drug traffickers typically carry multiple cell phones"); *United States v. Corrales-Portillo*, 779 F.3d 823, 833 (8th

Cir. 2015) ("Unlike *Pace*, this is not a case in which the government could not prove, even by inference, that the defendant was anything more than present in the vehicle or physically proximate to the contraband."). *Cf.* ***United States v. Rodriguez-Cisneros***, 814 Fed. Appx. 186, 188 (8th Cir. 2020) (finding sufficient evidence to support a 21 U.S.C. § 841 conviction by relying, in part, on text messages discussing buying and selling drugs); ***United States v. Santiago***, 62 F.4th 639, 644 (1st Cir. 2023) (same); ***United States v. Colston***, 4 F.4th 1179, 1191 (11th Cir. 2021) (same).

The evidence, viewed most favorably to the verdict, sufficiently establishes that Young knowingly possessed and intended to distribute the meth. The district court properly denied the motion for judgment of acquittal.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____