# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2040
_____

United States of America

*Plaintiff - Appellee*

v.

Ian Jarell Dolphin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: November 12, 2024
Filed: November 15, 2024
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Ian Dolphin appeals the conviction and sentence imposed by the district court after he pled guilty to possessing a machinegun. His counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the constitutionality of the conviction, the denial of an acceptance-of-responsibility reduction at sentencing, and the substantive reasonableness of the

sentence. Counsel also notes a conflict between the oral sentencing pronouncement and the written judgment related to the special conditions of supervised release.

Upon careful review, we conclude that there was no plain error with respect to the Second Amendment and the constitutionality of the conviction. *See United States v. Cameron*, 99 F.4th 432, 435 (8th Cir. 2024) (no plain error as to firearm conviction given reach of recent Supreme Court cases and relevant circuit authority); *see also United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) (defendant's possession of machineguns "not protected by the Second Amendment"). We further determine that the district court did not clearly err when it denied an acceptance-of-responsibility reduction. *See Peters v. United States*, 464 F.3d 811, 812–13 (8th Cir. 2006) (per curiam) (denial of acceptance-of-responsibility reduction reviewed for clear error; continued criminal conduct "alone could support" denial of reduction); *see also United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016) ("[C]onduct need not be criminal to be inconsistent with acceptance of responsibility."). We also conclude that Dolphin's sentence was substantively reasonable, as there is no indication the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the factors and arriving at a below-Guidelines sentence. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (district court abuses sentencing discretion if it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error in weighing sentencing factors); *see also United States v. Torres-Ojeda*, 829 F.3d 1027, 1030 (8th Cir. 2016) (where defendant was sentenced below Guidelines range, it is nearly inconceivable district court abused its discretion in not varying downward still further).

As to the special conditions of supervised release, counsel seeks amendment of the judgment as it pertains to Special Conditions 1 and 2 to conform the district court's written judgment with its oral sentencing pronouncement. In the written judgment, Special Condition 1 states that Dolphin "must participate in a substance

abuse treatment program" and "must disclose [his] substance abuse history to prescribing physicians and allow the probation office to verify disclosure." Additionally, Special Condition 2 states that Dolphin "must participate in a mental health treatment program[.]" However, at the sentencing hearing, the district court did not refer to a substance-abuse-related disclosure requirement when discussing the general requirement to "participate in [a] substance abuse treatment program," and also stated that Dolphin had to "have a mental health assessment and, if you need treatment, that you receive those treatments." In light of these differences, the district court is obligated to revise these conditions in the written judgment so that they conform with the oral sentencing pronouncement. *See United States v. James*, 792 F.3d 962, 971–73 (8th Cir. 2015) (where oral sentence and written judgment conflict, oral sentence controls; vacating language of special condition and remanding to district court to "harmonize" written condition with oral sentence).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal other than the discrepancy between the oral pronouncement and written judgment. We therefore vacate Special Conditions 1 and 2 and remand to the district court for the narrow purpose of amending the written judgment as it relates to those conditions, but affirm in all other respects. Counsel's motion to withdraw is granted.

_____

-3-