# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2038
_____

United States of America

*Plaintiff - Appellee*

v.

Eric Devon Lelance Hodo, also known as Loc

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: December 2, 2024
Filed: January 28, 2025
[Unpublished]
_____

Before SMITH, GRUENDER, and STRAS, Circuit Judges.
_____

PER CURIAM.

On January 11, 2024, a jury found Eric Hodo guilty of conspiracy to distribute and possess with intent to distribute fentanyl, *see* 21 U.S.C. § 846, possession with intent to distribute fentanyl, *see id.* §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C.

§ 2, and making false statements, *see id.* §§ 1001(a) and 2. The district court[1] sentenced him to 200 months' imprisonment. Hodo appeals, challenging the admission of certain evidence under Federal Rule of Evidence 404(b) and challenging the sufficiency of the evidence for his conviction for possession with intent to distribute fentanyl. Finding no reversible error, we affirm.

In 2021, while investigating a conspiracy to distribute opiate pills containing fentanyl, law enforcement learned that a woman named Jermeka Rogers was selling fentanyl-laced pills in the Minot, North Dakota area. Investigators learned that Rogers was in a romantic relationship with Hodo and that they had communicated online about selling "blues"—referring to the color of the fentanyl pills, which were designed to resemble oxycodone thirty milligram pills. Hodo made four trips transporting fentanyl pills from Minnesota to Minot, where he stayed with Rogers at various hotels. Hodo fronted fentanyl pills to Rogers, who sold them for between twenty and forty dollars each and returned half the proceeds to Hodo. Rogers sold an estimated 500 fentanyl pills for Hodo.

On April 20, 2022, agents of the Drug Enforcement Agency executed a search warrant at a hotel room booked by Rogers. Rogers and Hodo were both present in the hotel room, along with an unindicted coconspirator. Agents discovered 409 fentanyl pills in the room, as well as multiple scales and cell phones. Rogers was later discovered to be concealing eighteen additional pills on her person. Rogers later testified that she received the 427 pills from a source other than Hodo; the reason Hodo was in the hotel room on the day of the search was because he had come to collect money that Rogers owed him from previous drug sales. Both Hodo and Rogers were arrested. Hodo told the arresting officers that his name was "Malik Payne" and provided "Payne's" date of birth. He later signed court documents, appeared in court, posted bond, and was released under the name "Malik Payne."

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

On June 1, 2022, "Malik Payne" was indicted for two counts of drug distribution "[b]eginning in or about 2021 and continuing until April 2022."

A few weeks after the search of Rogers's hotel room, on June 6, 2022, officers arrested Hodo in Minnesota after they observed him engaging in a suspected hand-to-hand drug transaction. Hodo again told officers that his name was "Malik Payne." Officers searched Hodo's vehicle and found a loaded firearm, approximately three grams of cocaine, twenty fentanyl pills, and fifty grams of marijuana.

Eventually, law enforcement officers realized that Hodo was not "Malik Payne." Once his true identity was ascertained, a superseding indictment was filed to correct Hodo's name in the original indictment and to add a charge for making false statements.

During his trial, Hodo objected to the introduction of evidence of his possession of fentanyl pills from his arrest on June 6, 2022, arguing that the superseding indictment only covered activity up to April 2022. The judge overruled Hodo's objection, reasoning that the short amount of time which had elapsed between the end of April 2022 and the June 6, 2022 arrest, combined with Hodo using the same false name and possessing the same kinds of drugs, made the evidence relevant to the indicted charge and thus admissible. *See* Fed. R. Evid. 404(b)(2). Before the case was submitted to the jury, Hodo moved for a judgment of acquittal on the drug-related counts on the basis that the evidence introduced was insufficient to support his conviction. The district court denied his motion. The jury found Hodo guilty, and he was sentenced to a total of 200 months' imprisonment.

Hodo argues that the district court abused its discretion by admitting evidence from his June 6, 2022 arrest in violation of Federal Rule of Evidence 404(b). "We review a district court's evidentiary rulings for clear abuse of discretion, reversing only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." *United States v. Heredia*, 55 F.4th 651, 656 (8th Cir. 2022). This discretion is "particularly broad in a conspiracy

trial." *Id.* "A district court abuses its discretion by admitting evidence of a defendant's other crimes, wrongs, or bad acts when such evidence 'clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" *United States v. Cameron*, 99 F.4th 432, 436 (8th Cir. 2024), *cert. denied*, No. 24-5151, 2024 WL 4427387 (U.S. Oct. 7, 2024) (internal citations omitted).

Rule 404(b) prohibits the introduction of evidence of a defendant's bad acts to prove a person's character. Fed. R. Evid. 404(b)(1). Evidence of other bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* (b)(2). Evidence is admissible under Rule 404(b) if (1) it is relevant to a material issue, (2) it is similar in kind and close in time to the crime charged, (3) it is supported by sufficient evidence, and (4) its probative value is not outweighed by any prejudicial impact. *United States v. Steele*, 550 F.3d 693, 700-01 (8th Cir. 2008).

The district court did not abuse its discretion by admitting the evidence from the June 6, 2022 arrest. A material issue relating to the drug-related charges against Hodo was that he "possess[ed]" the pills found in the hotel on April 20, 2022. *See* 21 U.S.C. § 841(a)(1). "Possess[ion]" under 21 U.S.C. § 841(a)(1) can be satisfied by either actual or constructive possession. *United States v. Williams*, 39 F.4th 1034, 1045 (8th Cir. 2022). "Constructive possession exists where a defendant has '*knowledge* of presence, plus *control* over the thing.'" *Id.* (internal citations omitted) (emphasis in original). Here, evidence that Hodo possessed twenty fentanyl pills on June 6, 2022 is relevant to his knowledge, and therefore constructive possession, of the fentanyl pills in the hotel room on April 20, 2022. Evidence of a defendant's possession of drugs outside of the dates of an alleged conspiracy, but close in time to it, can be probative of the defendant's knowledge of the same type of drugs during the time period of the conspiracy. *See United States v. Ferguson*, 29 F.4th 998, 1002 (8th Cir. 2022). This is especially true when the evidence counters the defendant's narrative that he lacked knowledge. *See id.* at 1002-03. Indeed, Hodo's counsel stressed at trial that Hodo neither possessed nor even knew about the drugs in the

-4-

hotel room on April 20, 2022. Therefore, that Hodo was found just a few weeks after the hotel search in possession of twenty fentanyl pills is relevant to the material issue of his knowledge and constructive possession of the fentanyl pills in the hotel. *See Steele*, 550 F.3d at 701. The June 6, 2022 evidence is also "similar in kind and close in time to the crime charged," is "supported by sufficient evidence," and has "probative value" not "outweighed by prejudicial impact." *See id.* Because the June 6, 2022 evidence had "bearing on the case" and was not "introduced solely to prove the defendant's propensity to commit criminal acts," *see Cameron*, 99 F.4th at 436, the district court did not abuse its discretion by admitting that evidence.

Hodo also argues that the district court abused its discretion by admitting the evidence despite the lack of reasonable notice from the Government. *See* Fed. R. Evid. 404(b)(3). A prosecutor offering such evidence must provide notice to the defense, but the court may excuse the lack of notice for good cause. *Id.* (b)(3). Here, the district court asked the prosecutor whether he had provided notice of introduction of this evidence. The prosecutor responded that he did not provide notice because Hodo's possession of the fentanyl pills was "within the confines of the indictment as charged," even though it was a bit later in time. The district court agreed that the June 6, 2022 arrest occurred "reasonably close" to the "unfortunately worded" end date in the superseding indictment and concluded that the evidence was permissible under Rule 404(b). Though the district court did not explicitly use the term "good cause" when excusing the lack of notice, we may infer from the district court's acceptance of the Government's rationale that it found that there was good cause to admit the evidence. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002) ("Trial judges are presumed to know the law and to apply it in making their decisions."). We agree with the district court's analysis and thus detect no abuse of discretion in its determination that the evidence was admissible under Rule 404(b)(3) notwithstanding the lack of notice from the prosecution.

We now address the denied motion for judgment of acquittal on the count of possession with intent to distribute fentanyl. We review the district court's ruling

*de novo*, "view[ing] the record in the light most favorable to the verdict and accept[ing] all reasonable inferences that support the verdict." *United States v. Garrett*, 103 F.4th 490, 497-98 (8th Cir. 2024). "We reverse only if no reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id*. at 498. "To convict an individual of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), the government has the burden of proving beyond a reasonable doubt that [the defendant] both knowingly possessed and intended to distribute the drugs." *United States v. Young*, 68 F.4th 1095, 1098 (8th Cir. 2023). Hodo argues that the Government did not provide sufficient evidence that he knowingly possessed with intent to distribute fentanyl to prove him guilty beyond a reasonable doubt. Because a reasonable jury could conclude that the Government met its burden, we affirm the district court's denial of the motion for judgment of acquittal.

We begin with Hodo's intent to distribute the fentanyl pills. If a defendant possessed a large quantity or significant street value of narcotics, a jury may infer an intent to distribute. *See United States v. Wright*, 739 F.3d 1160, 1169 (8th Cir. 2014). One of the agents who conducted the hotel search testified that the 427 pills seized had a street value of over $10,000. The sheer number of pills and the significant street value of the fentanyl pills suggest an intent to distribute. *See United States v. Barrow*, 287 F.3d 733, 737 (8th Cir. 2002) (concluding that defendant's possession of 75 doses of crack cocaine with a street value of approximately $2,900 suggested an intent to distribute). Additionally, the Government presented evidence, including testimony from Rogers, demonstrating that Rogers and Hodo distributed fentanyl pills together on multiple occasions. Taken together, a jury could reasonably conclude that Hodo intended to distribute the fentanyl pills.

We now turn to Hodo's knowing possession of the fentanyl pills. As explained above, the "possess[ion]" element of 21 U.S.C. § 841(a)(1) can be satisfied by either actual or constructive possession. *Williams*, 39 F.4th at 1045. "Constructive possession exists where a defendant has '*knowledge* of presence, plus *control* over the thing.'" *Id*. (internal citations omitted) (emphasis in original).

The Government presented evidence of Hodo's knowledge of the presence of the drugs in the hotel room. In addition to the evidence from Hodo's June 6, 2022 arrest—which, as explained above with respect to the motion to suppress, reflects that Hodo had knowledge of the presence of the pills in the hotel room—the Government also presented evidence that Hodo and Rogers had distributed fentanyl pills together from hotel rooms on several occasions. A reasonable jury thus could have concluded that Hodo had knowledge of the fentanyl pills in the hotel room.

Regarding Hodo's control over the fentanyl pills, "the evidence used to show an intent to distribute can . . . also serve to establish that the individual intended to exercise control over an item" for the purpose of establishing constructive possession. *United States v. Serrano-Lopez*, 366 F.3d 628, 635 (8th Cir. 2004). Because, as explained earlier, the Government presented sufficient evidence to allow the jury to conclude that Hodo intended to distribute the pills, there was also sufficient evidence to allow the jury to conclude that Hodo intended to exercise control over them. *See id.* Viewing the record in the light most favorable to the verdict, we conclude that a reasonable jury could have concluded that the Government proved "beyond a reasonable doubt that" Hodo "both knowingly possessed and intended to distribute" fentanyl in violation of 21 U.S.C. § 841(a)(1). *See Young*, 68 F.4th at 1098.

Affirmed.

_____